**M. SWIFT & SONS, INCORPORATED,**
Plaintiff,

v.

**Charles F. LEMON, Defendant.**

United States District Court
S. D. New York.

May 21, 1959.

Hale, Kay, Brennan & Grant, New York City, for plaintiff, Cameron I. Kay, Seymour H. Chalif, New York City, of counsel.

Klein & Klein, New York City, for defendant, K. Karl Klein, New York City, of counsel.

LEVET, District Judge.

The defendant has moved for leave to serve an amended answer and counterclaim by inserting a paragraph to allege jurisdiction, reading as follows: "That the matter in controversy exceeds, exclusive of interest and costs, the sum of Ten Thousand ($10,000.00) Dollars." Jurisdiction here is based upon diversity of citizenship. This motion is granted, and for the purpose of the remaining relief sought by plaintiff, I have considered the counterclaim as so amended.

Plaintiff has moved pursuant to Rule 12(b) of the Federal Rules of Civil Procedure, 28 U.S.C.A. to dismiss the defendant's counterclaim, which asks for a declaratory judgment relating to an employee-employer restrictive covenant agreement. The grounds asserted by plaintiff in support of its motion are hereinafter set forth.

The previous history of this case is as follows:

(1) The plaintiff corporation instituted an action against the defendant, an ex-employee, on February 10, 1959, on a complaint alleging that the defendant in breach of a written agreement with plaintiff, had taken employment with a competitor, General Roll Leaf Mfg. Co., and was giving that competitor confidential information as to plaintiff's business, customers, etc.

(2) After an answer by the defendant on March 16, 1959, consisting in the main of general denials with certain affirma-

tive defenses of the invalidity of the contract, etc., the plaintiff received a letter from General Roll Leaf Mfg. Co., dated March 13, 1959, stating that the defendant was no longer employed by it. In an examination on March 25, 1959, the defendant testified that he had left the employ of General Roll Leaf Mfg. Co. and was now employed by Solids Chemical Laboratory, which is not a competitor of plaintiff.

(3) On March 26, 1959, the defendant served an amended answer containing a counterclaim for a declaratory judgment seeking to hold the contract invalid and void as against public policy.

(4) On April 7, 1959, because of the defendant's change of employment, plaintiff moved to dismiss its own complaint without prejudice upon the ground that the action was moot. At the same time defendant moved for summary judgment on the counterclaim. On April 8, 1959, Judge Palmieri granted plaintiff's motion to dismiss the complaint and denied defendant's motion for summary judgment.

Plaintiff, in making its motion to dismiss the defendant's counterclaim, contends:

(1) That since the defendant no longer works for a competitor, no actual controversy exists between the parties and no justiciable issue is presented.

(2) That no allegation is made that the defendant in fact intends to seek work with a competitor of plaintiff in breach of the contract and in fact has, as his sworn testimony indicates, procured a bona fide job with a non-competitor of plaintiff.

(3) That the defendant in effect seeks an advisory opinion as to the validity of the contract on purely hypothetical facts.

(4) That the amount in controversy does not comply with the requisite for jurisdiction in a diversity case.

The Federal Declaratory Judgments Act is contained in Title 28 U.S.C.A. § 2201, which is worded as follows:

"§ 2201. Creation of remedy

"In a case of actual controversy within its jurisdiction, except with respect to Federal taxes, any court of the United States, upon the filing of an appropriate pleading, *may* declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such."

Rule 57 of the Federal Rules of Civil Procedure is as follows:

"Declaratory Judgments

"The procedure for obtaining a declaratory judgment pursuant to Title 28 U.S.C., § 2201, shall be in accordance with these rules, and the right to trial by jury may be demanded under the circumstances and in the manner provided in Rules 38 and 39. The existence of another adequate remedy does not preclude a judgment for declaratory relief in cases where it is appropriate. The court may order a speedy hearing of an action for a declaratory judgment and may advance it on the calendar."

Certain fundamental principles must be considered in connection with the pleading contained in the defendant's counterclaim:

(1) Federal law determines whether a federal court can and may properly render a declaratory judgment. 6 Moore's Federal Practice, 2d Ed., p. 3014.

(2) The Constitution limits the exercise of the judicial power to "cases" and "controversies." United States Constitution, Article III, § 2; Aetna Life Ins. Co. of Hartford, Conn. v. Haworth, 1937, 300 U.S. 227, 240–241, 57 S.Ct. 461, 81 L.Ed. 617.

(3) There must be an actual, justiciable controversy. Aetna Life Ins. Co. of Hartford Conn. v. Haworth, supra; Maryland Casualty Co. v. Pacific Coal &

**46**

Oil Co., 1941, 312 U.S. 270, 273, 61 S.Ct. 510, 85 L.Ed. 826.

(4) Although the court is under no compulsion to exercise jurisdiction since such exercise is discretionary (Brillhart v. Excess Ins. Co., 1942, 316 U.S. 491, 494, 62 S.Ct. 1173, 86 L.Ed. 1620; Eccles v. Peoples Bank, 1948, 333 U.S. 426, 431, 68 S.Ct. 641, 92 L.Ed. 784; Public Service Commission of Utah v. Wycoff Co., 1952, 344 U.S. 237, 241, 73 S.Ct. 236, 97 L.Ed. 291; Larson v. General Motors Corporation, 2 Cir., 1943, 134 F.2d 450, 453), the Act should be given a liberal interpretation. Simmonds Aerocessories, Limited v. Elastic Stop Nut Corp., 3 Cir., 1958, 257 F.2d 485; Lehigh Coal & Navigation Co. v. Central R. of New Jersey, D.C.E.D.Penn., 1940, 33 F.Supp. 362.

(5) The Declaratory Judgments Act has not changed jurisdictional requirements; in diversity cases more than $10,000 must be involved. 6 Moore's Federal Practice, 2d Ed., p. 3136. The value of the contract whose validity is questioned usually determines the jurisdictional amount. See Davis v. American Foundry Equipment Co., 7 Cir., 1938, 94 F.2d 441, 442; 6 Moore's Federal Practice, 2d Ed., P. 3140.

For a summary of principles established by decisional interpretations of the Declaratory Judgments Act, see Lehigh Coal & Navigation Co. v. Central R. of New Jersey, D.C.E.D.Penn., 1940, 33 F. Supp. 362. See also Declaratory Judgments in the Federal Courts, Harry W. Vanneman and Dorothy G. Kutner, 9 Ohio State Law Journal 201 (1948).

■ The counterclaim here at issue does not contain an allegation as to employment by any specific corporation contemplated by the defendant. However, the counterclaim does recite what appears to have been a forced withdrawal by defendant from the employ of General Roll Leaf Mfg. Co., and it likewise asserts that a determination of the effect of this instrument, marked Exhibit A, is essential in order to permit defendant to ob-

tain employment in the roll leaf business. (Paragraph 33.)

In his affidavit opposing the dismissal of the counterclaim, the defendant asserts that in fact he was not an employee of Solids Chemical Laboratory, but, rather, an independent buyer; that he has given up this venture and is still seeking employment; that the contract as it now stands has placed him in a position where no manufacturer-jobber in the roll leaf business would give him work unless and until a determination is made. It further appears by an affidavit of one Normal Zelman, one of the owners of General Roll Leaf Mfg. Co., that his firm is ready and willing to engage the defendant as a sales manager were it not for the contract on which a determination is now sought.

I am of the opinion that the counterclaim under the liberal interpretations now followed is adequate to present a suitable controversy for determination under the Federal Declaratory Judgments Act.

The defendant seeks a declaration in order to preclude the repetition of his severance from his employment by General Roll Leaf Mfg. Co. I believe it is not necessary for him to jeopardize his position by accepting another employment which may violate the allegedly invalid contract. A determination here, I believe, is one of the purposes of the Act.

■ As to the allegation of the requisite jurisdictional amount in the counterclaim as amended, it does not appear that this statement is made in bad faith. The attorney for the defendant asserts in an affidavit sworn to April 29, 1959, that the controversy involves the interference with defendant's obtaining a position for approximately $15,000 a year. Accordingly, I am unable to find that the assertion of the $10,000 jurisdictional amount is so patently untrue as to require a dismissal for this reason. See Home Ins. Co. of New York v. Trotter, 8 Cir., 1942, 130 F.2d 800; Lichten v. Eastern Air Lines, Inc., D.C.S.D.N.Y.,

1949, 87 F.Supp. 691, affirmed 2 Cir., 1951, 189 F.2d 939.

The motion of plaintiff is denied.

Settle order on notice in accordance herewith.