723 F.2d 1518
 STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Plaintiff-Appellee,
v.
Mercedese H. WEST, Defendant-Appellant.
Barbara GUERRUCCI and Enzo Guerrucci, as Next Friend of
Lawrence and Jennifer Guerrucci, Plaintiffs-Appellants,
v.
STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Defendant-Appellee.
STATE FARM FIRE AND CASUALTY COMPANY, Plaintiff-Appellee,
v.
Michele Denise SWEAT and Richard Sweat, Defendants-Appellants.
STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Plaintiff-Appellee,
v.
Walter Rodney SOUTHARD, Defendant-Appellant.
Bryant DEWITT, as Administrator of the Estate of Annie Elon
Capps, Deceased, Plaintiff-Appellant,
v.
STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Defendant-Appellee.
STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Plaintiff-Appellee,
v.
James SMITH, Defendant-Appellant.
STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Plaintiff-Appellee,
v.
Mattie Jo THOMAS, Defendant-Appellant.
STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Plaintiff-Appellee,
v.
John C. HUNSUCKER, Defendant-Appellant.
STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Plaintiff-Appellee,
v.
SHIRLEY BROTHERS CONTRACTORS, INC., and Marion Eugene
Shirley, Defendants-Appellants.
STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Plaintiff-Appellee,
v.
Doyle MYERS, Defendant-Appellant.
STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Plaintiff-Appellee,
v.
Thomas O. BALL, Richard Allen Evans, Defendants-Appellants.
STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Plaintiff-Appellee,
v.
William E. BRANNON, Defendant-Appellant.
STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Plaintiff-Appellee,
v.
David L. DAIL, Defendant-Appellant.
STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Plaintiff-Appellee,
v.
Robert A. SNEED and Robert A. Sneed, Jr., Defendants-Appellants.
STATE FARM & CASUALTY COMPANY, Plaintiff-Appellee,
v.
Margie D. BRADLEY, Defendant-Appellant.
STATE FARM FIRE AND CASUALTY COMPANY, Plaintiff-Appellee,
v.
Sammy S. VAUGHN, Defendant-Appellant.
Keith M. LOVE and Helen M. Love, in her capacity as Wife and
Guardian for Keith M. Love, Plaintiffs-Appellants,
v.
STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Defendant-Appellee.
 Nos. 82-8317, 82-8343, 82-8345, 82-8349, 82-8350, 82-8351,
82-8356, 82-8358, 82-8359, 82-8366, 82-8375,
82-8385, 82-8403, 82-8444, 82-8468,
82-8523 and 82-8637.
 United States Court of Appeals,
Eleventh Circuit.
 Jan. 18, 1984.
 
 William L. Skinner, Decatur, Ga., for defendant appellant in Nos. 82-8317, 82-8375.
 Powell, Goldstein, Frazer & Murphy, Robert M. Travis, Eugene G. Partain, Thomas D. Harper, Greer, Klosik & Daugherty, Richard G. Greer, Atlanta, Ga., for plaintiff-appellee.
 Kenneth J. Rajotte, McReynolds & Michaud, Atlanta, Ga., for plaintiffs-appellants in No. 82-8343.
 Michael Weinstock, Atlanta, Ga., for defendants-appellants in No. 82-8345.
 Douglas E. Cobb, Norcross, Ga., for defendants-appellants in No. 82-8349.
 Harrison, Kovacich & Naughton, Michael J. Kovacich, Matt Naughton, Clarkston, Ga., for defendant-appellant in No. 82-8351.
 Robert Shurtz, Marietta, Ga., for defendant-appellant in No. 82-8358.
 Bauer, Deitch, Raines & Hester, Gilbert H. Deitch, Jerrold Hester, Gerald B. Kline, Atlanta, Ga., for defendants-appellants in No. 82-8359.
 David I. Funk, Lee S. Goldstein, Atlanta, Ga., for defendant-appellant in No. 82-8366.
 Harvey S. Gray, Atlanta, Ga., for defendant-appellant in Nos. 82-8403, 82-8637.
 Jack F. Witcher, John W. Kilgo, Bremen, Ga., for defendant-appellant in No. 82-8468.
 Sewell K. Loggins, Elise M. Bloom, Atlanta, Ga., for defendant-appellant in No. 82-8523.
 Appeals from the United States District Court for the Northern District of Georgia.
 Before HILL, KRAVITCH and HENDERSON, Circuit Judges.
 
 BY THE COURT:
 
 1
 The appellants, all claimants under "no-fault" insurance policies issued by appellees State Farm Mutual Automobile Insurance Company or State Farm Fire and Casualty Company (State Farm), appeal from the judgment of the United States District Court for the Northern District of Georgia granting summary judgment to the appellees. The district court, applying Georgia law, refused to extend retroactively the rule of Jones v. State Farm Mutual Automobile Insurance Company, 156 Ga.App. 230, 274 S.E.2d 623 (1980), cert. dismissed as improvidently granted, 248 Ga. 46, 280 S.E.2d 837 (1981), in State Farm Fire and Casualty Company v. Sweat, 547 F.Supp. 233 (N.D.Ga.1982), appeal docketed No. 82-8345 (11th Cir. June 9, 1982), and subsequently adhered to that decision in the remainder of the above-styled cases. Recently, however, the Supreme Court of Georgia held that Jones could be applied retroactively. Flewellen v. Atlanta Casualty Company, 250 Ga. 709, 300 S.E.2d 673 (1983). State Farm moved then to remand these cases to the district court for further proceedings. Because the district court did not reach other issues which may be controlling, we grant State Farm's motion.
 
 
 2
 In Jones, the Georgia Court of Appeals considered the effects of Ga.Code Sec. 56-3404b, which provided, in pertinent part:
 
 
 3
 (a) Each insurer shall also make available on an optional basis the following coverage:
 
 
 4
 (1) an aggregate limit of benefits payable without regard to fault up to $50,000 per person which may be rejected, or reduced to not less than an aggregate limit of benefits payable without regard to fault of $5,000 per person, by written consent of the policyholder....
 
 
 5
 * * *
 
 
 6
 * * *(b) Each application for a policy of motor vehicle liability insurance sold in this State must contain separate spaces for the insured to indicate his acceptance [or] rejection of each of the optional coverages listed in subsection (a) above and no such policy shall be issued in this State unless these spaces are completed and signed by the prospective insured.
 
 
 7
 (c) On and after the effective date of this Amendment, all named insureds in existing motor vehicle liability policies who have not previously responded to an offer to accept or reject the optional coverages required to be offered by this Chapter shall be given an opportunity to accept or reject, in writing, the optional coverages required to be offered under this section: Provided, however, that the failure of an insured to notify his insurer of his written acceptance or rejection within 30 days after written notice of the offer has been mailed by the insurer, postage prepaid, by first class mail to the address stated in the policy, shall constitute a rejection of the optional coverage.[1]
 
 
 8
 William Jones applied for no-fault insurance with State Farm. The State Farm agent prepared the application and Jones signed the single signature space contained therein. When he was later injured, Jones sued for the higher optional personal injury protection which was not included in his policy. He claimed that Sec. 56-3404b required that the insured must have the opportunity to accept or reject each level of optional coverage by signing the appropriate separate spaces.
 
 
 9
 The Georgia Court of Appeals agreed. Section 56-3404b imposed "an evidentiary burden upon no-fault insurers to demonstrate that optional coverages were expressly offered to, and knowingly accepted or rejected in writing by, each of their applicants for no-fault insurance." 156 Ga.App. at 233, 274 S.E.2d at 626. To satisfy this burden, either the insurance application must contain separate spaces for the insured to indicate his acceptance or rejection of the specific optional coverages, or the insurer must show that it otherwise gave the insured an opportunity to accept or reject, in writing, the optional coverages. The court further held that the insured had a "continuing offer" to accept the optional coverage from the date of the policy until thirty days after being offered the opportunity to accept or reject the coverage, even if the insured had been injured in the interim. The Supreme Court of Georgia granted a writ of certiorari but dismissed it as improvidently granted. 248 Ga. 46, 280 S.E.2d 837 (1981).
 
 
 10
 Relying on Jones, other post-accident insureds filed claims for additional benefits. State Farm then brought these actions for a declaratory judgment in the district court. If the insured had already filed suit in state court, State Farm removed the cases to the federal district court. State Farm asserted a number of defenses, including alleged violations of the United States and Georgia Constitutions. The district court, in an exhaustive opinion, but without reaching these other issues, held that a Georgia court would not apply Jones retroactively and granted State Farm's motion for summary judgment. State Farm Fire and Casualty Company v. Sweat, 547 F.Supp. 233 (N.D.Ga.1982).
 
 
 11
 During the pendency of these appeals from the district court, the full Georgia Court of Appeals overruled Jones. Atlanta Casualty Company v. Flewellen, 164 Ga.App. 885, 300 S.E.2d 166 (1982). The Supreme Court of Georgia granted certiorari and reversed the Court of Appeals in part. 250 Ga. 709, 300 S.E.2d 673 (1983). The Supreme Court concluded that Sec. 56-3404b requires two signatures, one for the acceptance or rejection of optional personal injury coverage and another for the acceptance or rejection of vehicle damage benefits. In the absence of a rejection of the maximum $50,000.00 personal injury coverage, the court held that the policyholder was entitled to protection in that amount, upon the payment of the additional premium.
 
 
 12
 The court then addressed whether the rule should be applied retroactively. Employing the three factors enunciated in Chevron Oil v. Huson, 404 U.S. 97, 92 S.Ct. 349, 30 L.Ed.2d 296 (1971), the court stated that the decision did not set forth a new principle of law, the purpose of the rule would be served by retrospective application and that no inequities would result therefrom. Thus, the multiple signature requirement of Jones applies both prospectively and retroactively.
 
 
 13
 Although the Supreme Court of Georgia has now issued a controlling decision on the retroactivity issue, there remain other unresolved questions which were not addressed by the district court. Under these circumstances, we heed the counsel of the United States Supreme Court that "[w]hen attention has been focused on other issues, or when the court from which a case comes has expressed no views on a controlling question, it may be appropriate to remand the case rather than deal with the merits of that question in this Court." Dandridge v. Williams, 397 U.S. 471, 476 n. 6, 90 S.Ct. 1153, 1157, n. 6, 25 L.Ed.2d 491, 496 n. 6 (1970). Therefore, a remand of the above-styled cases to the district court is appropriate in light of the Georgia Supreme Court's opinion in Flewellen.
 
 
 14
 Accordingly, State Farm's motion to remand to the United States District Court for the Northern District of Georgia is GRANTED.
 
 
 
 [1]
 This section has since been amended. For the current version, see OCGA Sec. 33-34-5