**NATIONWIDE MUTUAL INSURANCE COMPANY and Nationwide Mutual Fire Insurance Company, Plaintiffs,**

v.

**Elmer E. WELKER, Jr. and Robert Henry Duhamell, Individually, and t/a B & E Trucking, Defendants.**

**Civ. A. No. S 91–3333.**

United States District Court, D. Maryland.

April 24, 1992.

Robert H. Bouse, Jr., and Gregory L. Van Geison, Anderson, Coe & King, Baltimore, Md., for plaintiffs.

Randolph C. Knepper, Levin & Gann, Baltimore, Md., for defendant Elmer E. Welker, Jr.

William N. Zifchak, Sasscer, Clagett, Channing & Bucher, Upper Marlboro, Md., for defendant Robert Henry Duhamell.

## MEMORANDUM OPINION

SMALKIN, District Judge.

This civil case is before the Court on defendants' (Robert Henry Duhamell and Elmer E. Welker) motion to dismiss. Plaintiffs, Nationwide Mutual Insurance Company and Nationwide Mutual Fire Insurance Co. (hereinafter "Nationwide") instituted this diversity action, pursuant to 28 U.S.C. § 1332, seeking a declaratory judgment. Specifically, the purpose of this action is to determine whether certain insurance policies, issued to Mr. Duhamell and Mardel Trucking Company (hereinafter "Mardel Trucking") by Nationwide, provide coverage for a December 1, 1986 truck accident between Mr. Duhamell and Mr. Welker. To that end, one of the primary issues to be decided is the employment relationship among Mr. Welker, Mr. Duhamell and Mardel Trucking.

Defendants moved to dismiss, pursuant to Fed.R.Civ.P. 12(b)(6), for failure to state a claim upon which relief can be granted. Additionally, defendants assert the affirmative defenses of *res judicata* and collateral estoppel and waiver, as well as notions of comity and federalism, in support of their motions to dismiss.

### I.

*Factual Background*

On December 1, 1986, defendant Welker was injured in an accident between a 1986 Ford LTL 9000 dump truck driven by Mr. Duhamell and a 1985 Superliner driven by Mr. Welker. The two trucks collided when Mr. Duhamell's truck, loaded with sand and gravel, left its lane, crossed the center line, and struck Mr. Welker's truck. At the time of the accident, the defendants were hauling gravel in connection with a quarry operated by Mardel Trucking. Both Mr.

Duhammel and Mardel were insured by Nationwide at the time of the accident.

On April 2, 1987, Mr. Welker [1] filed negligence actions in the Circuit Court of Maryland for Cecil County against both Mr. Duhamell [2] and Mardel Trucking for injuries sustained in the accident. Mr. Welker alleged that Mr. Duhamell maintained an employee relationship with Mardel Trucking and sought to hold the company vicariously liable for Mr. Duhamell's actions. The two suits were consolidated, and a bench trial on the issue of liability was conducted by Circuit Court Judge Edward D.E. Rollins, Jr. on June 24, 1991.

During the trial, Nationwide provided separate defense counsel for both Mr. Duhamell and Mardel Trucking, while maintaining the position that it owed no coverage to either defendant. [3] At the close of Mr. Welker's case, Judge Rollins granted Mardel Trucking's motion for judgment [4]; however, he found Mr. Duhamell liable.

1. A second suit filed by Aetna Casualty and Surety Co., t/o/u and t/u/o Elmer Welker, Sr. against Mr. Duhamell and B & E Trucking in November, 1989 was consolidated with this initial action.

2. Mr. Duhamell was sued both in his individual capacity and t/a B & E Trucking. B & E Trucking is a partnership between Mr. Duhamnel and his wife.

3. On March 26, 1990, while the above negligence actions were pending, Nationwide filed an action for declaratory judgment in Cecil County Circuit Court, regarding questions of coverage on insurance policies issued by Nationwide to Mr. Duhamell and Mardel Trucking. Specifically, Nationwide alleged that it owed no coverage to either defendant because Messers. Welker and Duhamell were employed by Mardel Trucking and thus barred from coverage under a standard "fellow employees" exclusion clause contained in both policies. While Nationwide voluntarily dismissed that action on April 10, 1991, prior to trial of the negligence action, a filing error prevented formal dismissal of the action (without prejudice) until October 22, 1991. (See Mem. and Order of February 11, 1992, Paper Number 9.) These issues are central to the present action as well.

4. Based upon the evidence on the record before him and after reviewing Norris Abrams' deposition on behalf of Mardel Trucking, Judge Rollins concluded that Mr. Duhamell and Mr. Welker were independent contractors. Transcript of June 24, 1991 Trial at 5–13.

On October 8 & 9, 1991, the trial on damages was held, and the court awarded Mr. Welker a judgment of $1,033,768.22 against Mr. Duhamell and B & E Trucking.

On November 22, 1991, Nationwide filed this action seeking a declaration that it owes no insurance coverage under policies issued to Mr. Duhamell and Mardel Trucking, which were in force at the time of the accident. Nationwide contends here that defendants Welker and Duhamell were employed by Mardel Trucking at the time of the accident. Because the December 1, 1986 accident occurred (1) in the course of Mr. Welker's employment and (2) between Mr. Welker and Mr. Duhamell, a fellow employee, Nationwide argues that exclusions in Mr. Duhamell's and Mardel Trucking's policies bar recovery here. [5]

The defendants argue that Nationwide cannot now pursue a declaratory judgment in this federal forum because it would be

5. Nationwide also contends that Mr. Welker received worker's compensation from the Maryland Workers' Compensation Commission which has been paid by Mardel's insurance carrier, (which, coincidentally, is Nationwide.) During the negligence action, the issue of Mr. Welker's receipt of workers' compensation benefits was not raised by any party. Because Mr. Welker's exclusive remedy under Maryland law is through the Workers' Compensation Commission, the plaintiffs argue that the Cecil County Circuit Court never had subject matter jurisdiction over the relationship between Mr. Welker and Mardel Trucking. Thus, any findings Judge Rollins made concerning that relationship are a "nullity."

It is true that "an injured employee may not maintain an action at law for damages against his employer ... [but] the injured party may elect to proceed in an action at law against third parties." *Brady v. Ralph Parsons Co.*, 308 Md. 486, 498, 520 A.2d 717 (1987), *appeal after remand*, 82 Md.App. 519, 572 A.2d 1115, *cert. granted*, 321 Md. 46, 580 A.2d 1066 (1990). Mr. Welker's suit against Mr. Duhamell was just such a third party action. That Mr. Welker unsuccessfully attempted to hold Mardel Trucking vicariously liable for the truck accident is irrelevant for our purposes here, because Judge Rollins did not decide the issues of whether or not Mr. Welker and Mardel Trucking were "fellow employees" for purposes of policy coverage. Thus, Nationwide is not collaterally estopped from litigating here by any related findings (whether or not they were validly made) in the state proceeding.

prohibited from seeking such relief in state court under the Maryland Court of Appeals decision in *Allstate v. Atwood,* 319 Md. 247, 572 A.2d 154 (1990). Further, defendants contend that Nationwide has already litigated these issues in state court and is thus barred from further proceedings under the doctrines of *res judicata* and collateral estoppel. Plaintiffs counter that *Atwood* is inapposite here, because federal law controls this Court's exercise of discretion under the Declaratory Judgment Act.

## II.

*Discussion*

A. Res Judicata and Collateral Estoppel

■ Defendants raise, and have the burden of establishing, the affirmative defenses of *res judicata* and collateral estoppel. *See, e.g., Allen v. Zurich Ins. Co.,* 667 F.2d 1162, 1166 (4th Cir.1982). Pursuant to *Migra v. Warren City School Dist. Bd. of Educ.,* 465 U.S. 75, 104 S.Ct. 892, 79 L.Ed.2d 56 (1984), this Court is to apply Maryland law to determine whether the prior state court judgment should be given preclusive effect here.

■ The *res judicata* defense can be dismissed without discussion because the cause of action in the state tort case is not the same as the cause of action pursued by Nationwide in its declaratory judgment action here. *See MPC, Inc. v. Kenny,* 279 Md. 29, 33–34, 367 A.2d 486, 489 (1977) and *Bankers & Shippers Ins. Co. of New York v. Electro Enter., Inc.,* 287 Md. 641, 415 A.2d 278 (1980), *cited in Mears v. Town of Oxford, Md.,* 762 F.2d 368, 373 (4th Cir. 1985).

■ Defendants' collateral estoppel claim merits more analysis. Under Maryland law, collateral estoppel (also known as issue preclusion) applies only when the following criteria are met:

the issue raised in the prior action must be identical with the issue presented in the action in question; there must be a prior final judgment on the merits; and the party against whom the estoppel is asserted must have been a party in the prior litigation.

*Id.* at 374, *citing MPC, Inc.,* 279 Md. at 35, 367 A.2d at 490–91. *See also Allen v. McCurry,* 449 U.S. 90, 101 S.Ct. 411, 66 L.Ed.2d 308 (1980) (collateral estoppel does not apply when party against whom asserted did not have a full and fair opportunity to litigate claim in first action.)

In the present case, while there is a prior final judgment on the merits, the remaining criteria cannot be satisfied. The state trial judge did not specifically address whether or not Mr. Duhamell and Mr. Welker were "fellow employees" or whether Mr. Welker's injury arose in the course of his employment so as to fall in the policy exclusion at issue here. Further, the insurance company was not a party to the state negligence litigation, nor were its interests represented there. Because the above criteria have not been met, Nationwide is not precluded under the doctrine of collateral estoppel from litigating its claims in this forum, and the propriety of entertaining this action under the Declaratory Judgment Act must be examined.

B. Declaratory Judgment Act

■ The Declaratory Judgment Act, 28 U.S.C. § 2201(a) (West 1982 and Supp.1991) (hereinafter "the Act") provides, in pertinent part, as follows:

In a case of actual controversy within its jurisdiction ... any court of the United States ... *may* declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought (emphasis added).

*Cf.* Fed.R.Civ.P. 57. The exercise of jurisdiction under the Act is discretionary, not compulsory. *Brillhart v. Excess Ins. Co.,* 316 U.S. 491, 494, 62 S.Ct. 1173, 1175, 86 L.Ed. 1620 (1942). *See also Kunkel v. Continental Casualty Co.,* 866 F.2d 1269, 1273 (10th Cir.1989) ("The Declaratory Judgment Act was an authorization, not a command. It gave the federal courts competence to make a declaration of rights; it did not impose a duty to do so."). This court possesses diversity jurisdiction to entertain this action; however, the more fun-

damental question is whether entertaining such relief is appropriate. *North East Ins. Co. v. Northern Brokerage Co.*, 780 F.Supp. 318, 320 (D.Md.1991).

## C. *Mitcheson v. Harris*

The Fourth Circuit's most recent pronouncement concerning the propriety of exercising declaratory judgment jurisdiction in cases where prior state proceedings have been instituted is *Mitcheson v. Harris*, 955 F.2d 235 (4th Cir.1992). In *Mitcheson*, an insurer sought a declaration in federal court of its obligations to defend and indemnify its insured in a pending state action. *Id.* at 236. The *Mitcheson* court articulated two state interests which mitigated in favor of dismissing the declaratory judgment action. The first was the state's interest in deciding questions of state law, especially in light of the pending state proceedings. *Id.* at 237–38. The second interest was in avoiding piecemeal litigation and promoting efficient use of judicial resources by resolving all aspects of the legal controversy in a single court system. *Id.* at 239. As the *Mitcheson* court noted:

> An important element in fostering th[e] spirit of cooperation and respect [between federal and state courts] must be a reluctance on the part of federal courts to entertain a declaratory action that could result in entanglement between the two court systems.

*Id.*

■ This Court recognizes that notions of efficiency, comity and federalism clearly militate against a federal court exercising its discretion while a state action is pending. In the present case, however, this Court does not risk interfering with proceedings in a related state action because no such action is pending. In contrast to the situation in *Mitcheson*, here the state action has been litigated to judgment, and Mr. Duhammel has already been found negligent.

6. See *infra* note 7 and the accompanying text.

7. Mr. Duhamell's insurance policy appears to have been issued in Delaware. Thus, Maryland

Additionally, it appears that the insurance policies at issue will require interpretation of both Maryland and Delaware law.[6] While it is true that this court has no strong interest in the exclusively state law issues presented here, the Maryland state courts are not "uniquely" suited to interpret the contested policy provisions as was the case in *Mitcheson*. While this Court recognizes the need for caution in exercising its discretion as discussed in *Mitcheson*, considerations of comity and federalism alone are not enough to prevent this Court from exercising its discretion to hear the declaratory judgment action before it.

## D. Erie and substantive state law

■ A federal court sitting in diversity must apply the substantive law of the state in which the cause of action arose. *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78, 58 S.Ct. 817, 822, 82 L.Ed. 1188 (1938). Here, this Court is to apply the law of Maryland as it has been established by the Maryland state courts and legislature. *Wilson v. Fraser*, 353 F.Supp. 1 (D.Md.1973).[7] Mr. Duhamell and Mr. Welker contend that Nationwide should not be able to bring a declaratory judgment action in this forum because a similar action could not now be instituted in the Maryland courts under substantive state law as articulated in *Allstate v. Atwood*, 319 Md. at 247, 572 A.2d at 154 (1990).

## 1. *Atwood*

*Atwood* involved an insurer's attempt to obtain a declaration that its insured's actions were not negligent, but rather intentional, and thus within a policy exclusion. 319 Md. at 250–51, 572 A.2d at 155–56. Allstate represented its insured, John Atwood, in a tort suit for battery and/or negligence, at the close of which the jury found Atwood negligent in his actions toward the injured plaintiff. 319 Md. at 250, 572 A.2d at 155. Subsequent to the tort suit, Allstate filed a declaratory judgment

law will require that it be analyzed pursuant to Delaware law. *See Aetna Cas. & Sur. Co. v. Souras*, 78 Md.App. 71, 77, 552 A.2d 908 (1989).

action [8] requesting that the court find the insured's actions were intentional and therefore excluded from policy coverage. *Id.* *Atwood* presented a classic conflict-of-interest situation between the insured and the insurer: it was in Mr. Atwood's interest to be found negligent at trial, whereas it was in Allstate's interest for the insured's actions to be found intentional.

Initially, the Maryland Court of Appeals noted that, as a general rule, "a liability insurer is bound by the finding in a tort action against its insured that the insured was liable due to negligence." 319 Md. at 260, 572 A.2d at 160. However, the *Atwood* court found that an insurer should be allowed to bring a declaratory judgment action where a conflict of interest exists between insured and insurer. *Id.* Under *Atwood,* the decision to allow declaratory judgment actions in conflict-of-interest cases is contingent upon whether the contested issue was fairly litigated in the tort suit. 319 Md. at 262, 572 A.2d at 161. If the contested issue (in *Atwood,* the *mens rea* of the insured) does not appear to have been fairly litigated in the tort action, then the insurer may institute a post-judgment declaratory judgment "proceeding," but only within a specific time period. 319 Md. at 263–64, 572 A.2d at 162. Recognizing the potential for conflicting final judgments and multiple appeals, the *Atwood* court required that a declaratory judgment proceeding be instituted within ten days of the entry of judgment in the tort case. 319 Md. at 264, 572 A.2d at 162. The *Atwood* court concluded that limiting filing to a ten day post-judgment period would maintain consistency within the state court proceedings by allowing the Maryland trial judge to keep the tort judgment non-final pending resolution of the declaratory judgment action. 319 Md. at 264–65, 572 A.2d at 162. Here, Nationwide did *not* file a declaratory judgment action in state court within the ten days allotted; thus, the defendants argue that Nationwide is barred from filing a declaratory judgment action in the federal courts.

This court is not fully persuaded that *Atwood* applies to the unique factual scenario of the present case. The direct conflict of interest presented in *Atwood* does not exist here. While Judge Rollins granted Mardel Trucking's motion for judgment at the close of Mr. Welker's case, neither the language of the insurance policy nor the employment relationship among the parties was the central focus of the state action. Instead, the negligence trial focused upon Mr. Duhamell's actions on December 1, 1986. In *Atwood,* the insurer sought a declaratory judgment in direct contravention of the jury verdict of negligence. Here, Nationwide seeks a declaratory judgment regarding the employment status among the parties that would not affect the trial court's ruling as to negligence, nor any binding judgment regarding the parties' employment relations.

Additionally, the *Atwood* court noted that the purpose of its time limitation upon post-judgment insurer declaratory judgments was to avoid multiple appeals of conflicting judgments within the state court system. Since this Court is unaware of any appeal of the initial state court judgment, the only appeal at this time would be that taken from this Court's action. Further, no conflict will exist between a declaration of this Court and Judge Rollins' ruling granting Mardel Trucking's motion for judgment. Finally, even if *Atwood* does apply to the facts of this case, it must be *substantive* state law under *Erie* to govern this Court's disposition of this case. *See 118 E. 60th Owners, Inc. v. Bonner Properties, Inc.,* 677 F.2d 200, 202–06 (2d Cir.1982). Determination of whether a particular law is "substantive" or "procedural" for *Erie* purposes is troublesome.

### 2. *Davison*

In support of their argument that *Atwood* is substantive state law for *Erie* purposes, the defendants rely upon *Davison v. Sinai Hosp. of Baltimore, Inc.,* 462 F.Supp. 778 (D.Md.1978), *aff'd,* 617 F.2d 361 (4th Cir.1980). *Davison* concerned

**8.** Prior to the tort suit, Allstate filed a declaratory judgment action seeking the same relief as

the post-judgment action, which was dismissed as premature. 319 Md. at 250, 572 A.2d at 155.

plaintiffs' claim in a medical malpractice suit that the mandatory arbitration requirements of the Maryland Health Care Malpractice Claims Act were not substantive, but rather were merely procedural. *Davison*, 462 F.Supp. at 779. Under *Erie*, plaintiffs argued that they were not required, as they would have been in state court, to submit their claims to an arbitration panel prior to instituting a diversity action in federal court. The *Davison* court disagreed, concluding (1) that the character of the litigation would differ if arbitration was not required in federal court and (2) that forum shopping might result if plaintiffs were not required to arbitrate prior to filing suit in *both* state and federal court. Thus, for *Erie* purposes, the *Davison* court held that Maryland's arbitration requirements were substantive state law which had to be followed by the federal court sitting in diversity. *Id.* at 780.

*Davison* can be easily distinguished from the case at bar. First, and most obviously, *Davison* does not involve state limitations upon declaratory judgment actions, but rather an affirmative state requirement that the parties engage in arbitration prior to trial. Considerations of judicial economy and comity supported the *Davison* court's conclusion that mandatory arbitration was a substantive state policy and not merely a procedural hurdle. In contrast, the *Atwood* court chose a ten day period for initiation of post-judgment insurer declaratory proceedings to remain consistent with Maryland *procedure* for post-trial motions. *Atwood*, 319 Md. at 264, 572 A.2d at 162.[9]

Second, it was the *Davison* court's contention that, without arbitration, the character of malpractice litigation would differ between state and federal court. Such is not the case here. Interpretation of the language contained in the insurance policies at issue in the present case does not depend upon this Court's decision to entertain this declaratory judgment action. It is certainly true that, under *Atwood*, Nationwide's failure to intervene within ten days after the entry of judgment against Mr. Duhamell in Maryland state court prevents Nationwide from seeking a declaratory judgment there. However, other proceedings are available in state and, through removal, federal court during which the issues of policy coverage and employment status among Mardel Trucking and Messers. Duhamell and Welker may be addressed.[10] Thus, unlike in *Davison* where there existed a real possibility that the very nature of the litigation would be altered by the arbitration process, here the character of any final decision concerning policy coverage will based upon Maryland and Delaware substantive law, regardless of the forum or nature of the suit.

**E. Declaratory Judgment Act is procedural**

Plaintiffs' final argument is that, even if it is found "substantive" law under *Erie*, the *Atwood* decision has no application in this case because the Declaratory Judgment Act is procedural in nature. *See Aetna Life Ins. Co. of Hartford, Conn. v. Haworth*, 300 U.S. 227, 240, 57 S.Ct. 461, 463–64, 81 L.Ed. 617 (1937). Thus, federal law determines whether or not this Court may properly render a declaratory judgment in this case. That a state (procedural or substantive law) prohibits a declaratory judgment action within the state courts "is simply inapposite." *National R.R. Passenger Corp. v. Consolidated Rail Corp.*, 670 F.Supp. 424, 429 n. 7 (D.D.C.1987).

Plaintiffs' argument is supported by a body of precedent stemming back to *Skelly Oil Co. v. Phillips Petroleum Co.*, 339 U.S. 667, 70 S.Ct. 876, 94 L.Ed. 1194 (1950). The *Skelly* court, in *dictum*, noted the fact

---

9. The ten day period for initiation of state declaratory judgment proceedings is the same time period allowed for motions for judgment notwithstanding the verdict, under Maryland Rule 2–532; motions for a new trial, under Maryland Rule 2–533; and motions to alter or amend a judgment, under Maryland Rule 2–534.

10. As Nationwide notes, if Mr. Welker wishes to collect from Nationwide, he will need to proceed under Md.Ann.Code, Art. 48A, § 481 (1991). Because of diversity among the parties, Nationwide could choose to remove any such action to this federal court. Whether conducted in the state or federal court, such a proceeding certainly would require a resolution of any outstanding policy coverage issues, such as those raised in the present declaratory judgment action.

**440**

"that the declaratory remedy which may be given by the federal courts may not be available in the State courts is immaterial." 339 U.S. at 674, 70 S.Ct. at 880, 94 L.Ed. 1194. Lower courts have followed the *Skelly* dictum in holding that the federal diversity court's decision to entertain an insurance company's declaratory judgment action is determined by federal law. *M. Swift & Sons, Inc. v. Lemon,* 24 F.R.D. 43, 45 (S.D.N.Y.1959); *State Farm Fire and Casualty Ins. Co. v. Sweat,* 547 F.Supp. 233, 239 (N.D.Ga.1982), *motion to remand granted, sub nom., State Farm Mut. Auto Ins. Co. v. West,* 723 F.2d 1518 (11th Cir. 1984); *National R.R. Passenger Corp., supra,* 670 F.Supp. at 429; *Cincinnati Ins. Co. v. Holbrook,* 867 F.2d 1330, 1332–33 (11th Cir.1989); *North East Ins. Co. v. Northern Brokerage Co., supra,* 780 F.Supp. at 320 (D.Md.1991); *Farmers Alliance Mut. Ins. Co. v. Jones,* 570 F.2d 1384, 1386–87 (10th Cir.1978), *cert. denied,* 439 U.S. 826, 99 S.Ct. 97, 58 L.Ed.2d 119 (1978). *See generally* 10A C. Wright, A. Miller & M. Kane, *Federal Practice and Procedure* § 2756 (1983); 6A *Moore's Federal Practice* § 57.02[5] (1989). *But see 118 E. 60th Owners, Inc. v. Bonner Properties, Inc.,* 677 F.2d 200, 202–06 (2d Cir.1982) (federal court declined to exercise declaratory judgment jurisdiction when granting relief would be counter to state's substantive statute of limitations policy.)[11]

Plaintiffs rely most heavily upon *Farmers Alliance Mut. Co. v. Jones,* 570 F.2d 1384, 1386 (10th Cir.), *cert. denied,* 439 U.S. 826, 99 S.Ct. 97, 58 L.Ed.2d 119 (1978). In *Farmer's Alliance,* plaintiff insurance company filed a federal declaratory judgment action concerning its coverage obligations prior to litigation of the insured's underlying negligence action in

state court. 570 F.2d at 1386. The *Farmer's Alliance* court held that an Oklahoma statutory prohibition against declaratory judgment actions instituted to determine insurer liability had no effect upon an insurer's ability to bring the same action in a federal court sitting in diversity. *Id.* Nationwide thus argues that the existence of the *Atwood* restriction upon declaratory judgment actions in the Maryland court system should have no effect upon this court's decision, determined by *federal* law, to entertain the present action.[12]

This Court finds *Farmers Alliance* persuasive, and the weight of case precedent supports this Court's exercise of its discretion to take jurisdiction under the Declaratory Judgment Act. It should be noted that the Court is concerned that Nationwide may have filed this action in federal court in an attempt to forum shop and to circumvent Maryland state policy as articulated in *Atwood.* As noted earlier, however, this Court does not necessarily believe that *Atwood* would apply to the factual scenario before this court, even if *Atwood* were considered substantive law for *Erie* purposes. While the Federal Declaratory Judgment Act does not mandate the exercise of discretion by this Court, consideration of Nationwide's claims in this forum at this time will not only prove to be an efficient use of judicial resources, but should lead to a speedier resolution of the claims between the parties involved in this action.

For the reasons outlined above, an order will be entered separately, *denying* defendants' motions to dismiss this action.

**11.** The difficulty in a wholesale application of this line of precedent is that the above cases seem to have accepted, with little significant analysis, the *dictum* in *Skelly.* Further, none of the precedent cited addressed the unique factual and procedural posture of this case. No prior state action of any kind had been taken in *National R.R. Passenger Corp.* or in *M. Swift & Sons.* Unlike in *North East* and *Farmers Alliance,* there is no pending state action here, because the state tort action has already been litigated to judgment. Further, in contrast to *State Farm, Farmers Alliance,* and *Cincinnati*

*Ins.,* Maryland has no *statutory* prohibition against state declaratory judgment actions of this kind.

**12.** In contrast, the defendants rely upon *Horace Mann Ins. Co. v. Johnson,* 758 F.Supp. 1456 (W.D.Okla.1991), *rev'd,* 953 F.2d 575 (10th Cir. 1991), a decision reversed by the Tenth Circuit. The Court cautions defendants that future citation to case law that has been overruled will lead to sanction by this Court.