Neil P. DeFEO, a California resident, and The Clorox Company, a Delaware Corporation, Plaintiffs,

v.

The PROCTER & GAMBLE COMPANY, an Ohio Corporation, and Does 1 through 100, Defendants.

No. C–93–2904 SAW.

United States District Court, N.D. California.

Sept. 23, 1993.

Fitzgerald, Abbott & Beardsley, Richard White, Beth Aspedon, Oakland, CA, Keker, Brockett & Van Nest, Robert Van Nest, Christopher Kearkey, San Francisco, CA, for plaintiffs.

Rosemary Kirbach, Paul, Hastings, Janofsky & Walker, San Francisco, CA, Eric Joss, Paul Cane, Paul, Hastings, Janofsky & Walker, Los Angeles, CA, for defendants.

## MEMORANDUM AND ORDER

WEIGEL, District Judge.

## I. BACKGROUND.

The Procter & Gamble Company ("Procter & Gamble") is an Ohio corporation with its principal place of business in Hamilton County, Ohio.[1] Neil P. DeFeo is former Vice President and Managing Director, Worldwide Strategic Planning for Laundry and Cleaning Products, at Procter & Gamble in Cincinnati, Ohio. On July 8, 1993, Mr. DeFeo resigned from Procter & Gamble and accepted a position as Group Vice President for U.S. Operations with The Clorox Company ("Clorox") in Oakland, California. Clorox is a Delaware corporation with its principal place of business in Oakland, California.

As an employee of Procter & Gamble, Mr. DeFeo participated in several stock option plans. Pursuant to those plans, he reportedly purchased more than 50,000 shares of Procter & Gamble common stock, and agreed in writing to be bound by non-compete provisions for three years from the date the options were granted. Specifically, Mr. DeFeo promised to refrain from certain competitive employment in order to protect confidential information, including trade secrets. He further consented to the enforcement of equitable relief by any court having jurisdiction over him.

Upon tendering his resignation on July 8, 1993, Mr. DeFeo was informed that Procter & Gamble did not consent to his employment by Clorox, and that if he violated the non-compete provisions he would be sued. Later that day, Mr. DeFeo and Clorox filed suit in Superior Court in Oakland, seeking a declaratory judgment that the non-compete provisions are unenforceable for public policy rea-

sons.[2] On July 9, 1993, Procter & Gamble filed suit in Ohio state court, seeking temporary, preliminary, and permanent injunctions.[3]

The parties agree that the California and Ohio actions present the very same issue— whether and to what extent Procter & Gamble can enforce the non-compete provisions against Mr. DeFeo. See Corrected Memorandum of Points and Authorities of Specially Appearing Defendant The Procter & Gamble Company in Support of Motion to Dismiss or, in the alternative, Stay Action at 15; Plaintiffs' Memorandum of Points and Authorities in Opposition to Defendant's Motions to Dismiss, Stay, or Transfer at 2.

On August 9, 1993, Procter & Gamble removed the California declaratory judgment action to this Court. Procter & Gamble now moves to dismiss the action for lack of personal jurisdiction, or alternatively, to transfer the case to the U.S. District Court for the Southern District of Ohio, or alternatively, to stay/dismiss the action in light of the pending Ohio proceeding. Plaintiffs oppose all three motions and move for summary judgment. Defendant opposes the motion for summary judgment.

On August 13, 1993, the Ohio state court entered an Agreed Order providing that Mr. DeFeo would not work in bleach and hard surface cleaners at Clorox pending the outcome of Procter & Gamble's motion for preliminary injunction. The preliminary injunction hearing is scheduled for October 26, 1993.

## II. DISCUSSION.

■ The Declaratory Judgment Act grants federal courts discretion to award de-

---

1. Procter & Gamble is a parent to the Procter & Gamble Distributing Company and the Procter & Gamble Manufacturing Company.

2. In particular, Plaintiffs seek "a judicial determination that DeFeo is entitled to perform his duties as Clorox's Group Vice President—U.S. Operations and that the restrictions sought by Procter & Gamble are violative of plaintiffs' rights pursuant to California Business and Professions Code § 16600." Plaintiffs' Complaint for Declaratory Relief.

3. Procter & Gamble originally sued Neil DeFeo and Clorox. Clorox was later dismissed without

prejudice from the action, apparently because Procter & Gamble was afraid Clorox would gain access to sensitive trade secrets during the course of litigation.

Procter & Gamble seeks injunctions prohibiting Mr. DeFeo from working at Clorox in a position that would involve direct competition with the products he worked with at Procter & Gamble, prohibiting the disclosure or use of any Procter & Gamble trade secrets or proprietary information, and enforcing the non-compete provisions entered into with Procter & Gamble.

claratory relief in cases otherwise within their jurisdiction.[4] 28 U.S.C. § 2201; *Public Affairs Press v. Rickover*, 369 U.S. 111, 112, 82 S.Ct. 580, 581, 7 L.Ed.2d 604 (1962). Declaratory relief is appropriate where the judgment will "serve a useful purpose in clarifying and settling the legal relations in issue, and ... will terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to the proceeding." *Guerra v. Sutton*, 783 F.2d 1371, 1376 (9th Cir.1986) (quoting *Bilbrey by Bilbrey v. Brown*, 738 F.2d 1462, 1470 (9th Cir.1984)).

■ However, a district court ordinarily should not exercise its discretion to grant declaratory relief " 'where another suit is pending in state court presenting the same issues, not governed by federal law, between the same parties.' " *Continental Casualty Co. v. Robsac Industry*, 947 F.2d 1367, 1370 (9th Cir.1991) (quoting *Brillhart v. Excess Ins. Co.*, 316 U.S. 491, 495, 62 S.Ct. 1173, 1175, 86 L.Ed. 1620 (1942)). In such cases, there is a presumption that the entire suit should be heard in state court. *Chamberlain v. Allstate Ins. Co.*, 931 F.2d 1361, 1366–67 (9th Cir.1991).

There are several rationales for the *Brillhart* presumption against federal declaratory judgment jurisdiction when there is a parallel state proceeding: (1) avoiding needless decisions of state law; (2) discouraging forum shopping; and (3) averting duplicative litigation. *Continental Casualty*, 947 F.2d at 1391. The Declaratory Judgment Act is not to be invoked to deprive a plaintiff of his conventional choice of forum and timing, precipitating a disorderly race to the courthouse.

*Gribin v. Hammer Galleries*, 793 F.Supp. 233, 234–35 (C.D.Cal.1992).

■ Certain countervailing factors may help overcome the presumption in individual cases. For example, if the federal action will continue even if the claim for declaratory relief is dismissed, or if the federal litigation is far enough advanced that declining jurisdiction would be a waste of judicial resources, then the federal court may proceed. *See, Chamberlain*, 931 F.2d at 1373–74.

■ In the present case, there is a pending state court action involving the same issues, not governed by federal law, between the same parties. Therefore, the presumption against jurisdiction applies. The rationales behind the presumption support the conclusion that this Court should decline jurisdiction. This case involves exclusively questions of state law, Plaintiffs filed the declaratory relief action in order to secure a California forum,[5] and the Ohio suit is a "mirror image" of the one before this Court.[6] Therefore, were this Court to proceed, it would be making needless decisions of state law, rewarding forum shopping, and engaging in duplicative litigation. Because there are no countervailing factors,[7] this Court must refrain from entertaining this action.

■ The Court nevertheless considers it appropriate to dispense with each of Plaintiffs' arguments in turn. First, Plaintiffs rely primarily on *Mobil Oil Corp. v. City of Long Beach*, 772 F.2d 534 (9th Cir.1985), to argue that the *Colorado River* test, requiring the court to exercise jurisdiction unless exceptional circumstances are present, applies even in declaratory relief actions.[8] Plaintiffs'

**4.** "In a case or controversy within its jurisdiction ... any court of the United States ... may declare the rights and other legal relations of any interested party ... whether or not further relief is or could be sought." 28 U.S.C. § 2201(a).

**5.** *See, e.g.,* Plaintiff's Memorandum of Points and Authorities in Opposition to Defendant's Motions to Dismiss, Stay, or Transfer at 2. ("There is another compelling reason to retain jurisdiction here: California has a strong public policy favoring competition, and California courts carefully scrutinize unlimited non-compete clauses such as the one P & G seeks to impose on DeFeo.")

**6.** "P & G filed a 'mirror image' lawsuit in the Court of Common Pleas of Hamilton County,

Ohio ..." Plaintiffs' Memorandum of Points and Authorities in Opposition to Defendant's Motions to Dismiss, Stay, or Transfer at 5.

**7.** Presenting the Court with summary judgment papers does not render this action "procedurally advanced."

**8.** Under *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976), a pending state court proceeding is no bar to a federal court proceeding. Rather, a federal court has an "unflagging obligation" to exercise jurisdiction unless specified factors dictate otherwise. However, as discussed *infra* the *Colorado River* doctrine does not apply

reliance on *Mobil Oil* is misplaced. The Ninth Circuit has harshly criticized *Mobil Oil*,[9] and has explicitly stated that "[t]he *Colorado River* test ... does not apply where the Declaratory Judgment Act, 28 U.S.C. § 2201, is involved." *Chamberlain*, 931 F.2d at 1366. Instead, there is a presumption against jurisdiction in declaratory relief actions. *Id.*

■ Second, Plaintiffs contend that even if the presumption against jurisdiction applies in the usual case brought in federal court under the Declaratory Judgment Act, it does not apply in this case because Plaintiffs originally filed their action in state court. Again, Plaintiffs' contention is not well-taken. The propriety of granting declaratory relief in federal court is a procedural matter. *Nationwide Mutual Ins. Co. v. Welker*, 792 F.Supp. 433 (D.Md.1992); *National R.R. Passenger Corp. v. Consolidated Rail Corp.*, 670 F.Supp. 424 (D.D.C.1987). Therefore, the Declaratory Judgment Act is implicated even in diversity cases, whether an action is originally filed in federal court or is properly removed there by defendant. Moreover, principles of federalism and comity are not the only reasons for declining federal jurisdiction in declaratory relief actions. Consid-

erations of judicial economy and fairness have prompted the same result even where both actions are filed in federal court. *See*, *e.g.*, *Tempco Elec. Heater Corp. v. Omega Engineering*, 819 F.2d 746 (7th Cir.1987). There is a similar policy towards declaratory relief in California state courts.[10]

Third, Plaintiffs argue that the presumption against jurisdiction should not apply because Clorox is a party to this action, but not the Ohio action.[11] This argument is also unpersuasive. The parties to the contested contract are Procter & Gamble, and their former employee, Neil DeFeo. Plaintiffs and Defendant acknowledge that in both actions the issue is whether and to what extent Procter & Gamble can enforce the non-compete provisions against Mr. DeFeo. Clorox's interests are solely a function of Mr. DeFeo's rights under the contract. If, as Plaintiffs allege, Clorox is a necessary party to this litigation, and its interests are not adequately represented by Mr. DeFeo, then it can intervene as a matter of right in the Ohio action.[12]

■ Finally, Plaintiffs assert that the California action should proceed because it was filed before the Ohio action. This assertion also must fail. Courts have repeatedly rejected the "first-to-file" rule in light of the

to declaratory judgment actions because of the special nature of declaratory relief.

Plaintiffs are not the only ones who present the Court with a misreading of the law. Defendant claims that in *Colorado River* "[t]here was no basis for the federal court to abstain ... because the federal court properly should rule on the federal question presented." Reply Memorandum of Specially Appearing Defendant The Procter and Gamble Company in Support of Motions (i) to Transfer, Pursuant to 28 U.S.C. § 1404, and (ii) to Dismiss or Stay at 13. In fact, the federal district court did abstain, and the U.S. Supreme Court affirmed its judgment, because the federal policy implicated in that case recognized the comprehensive state systems for adjudication of water rights as the proper arena for resolving the underlying disputes. *Colorado River*, 424 U.S. at 819, 96 S.Ct. at 1247.

**9.** *"Mobil Oil*, however, must be applied circumspectly. It did not discuss post-*Colorado River* authority that has continued to support the district courts' special jurisdictional discretion as to declaratory judgment suits independent of the *Colorado River* analysis. [Citations omitted]. Nor did the *Mobil Oil* court discuss the indications in post-*Colorado River* Supreme Court opin-

ions that jurisdiction over declaratory judgment actions requires a different analysis." *Transamerica Occidental Life Ins. Co. v. Digregorio*, 811 F.2d 1249, 1254 (9th Cir.1987).

**10.** " 'The declaratory relief statute should not be used for the purpose of anticipating and determining an issue which can be determined in the main action.' ... The availability of another form of relief that is adequate will usually justify refusal to grant declaratory relief." *Montrose Chemical Corp. of California v. American Motorists Ins.*, 12 Cal.App.4th 846, 870, 16 Cal.Rptr.2d 516 (1993) (quoting *General of America Ins. Co. v. Beatrice J. Lilly*, 258 Cal.App.2d 465, 470, 65 Cal.Rptr. 750 (1968)).

**11.** *See, supra* note 3.

**12.** "[A]nyone shall be permitted to intervene in an action: ... (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and he is so situated that the disposition of the action may as a practical matter impair or impede his ability to protect that interest, unless the applicant's interest is adequately represented by existing parties." OH Civ.R. 24.

policies governing declaratory relief. *See, e.g., Tempco,* 819 F.2d at 749–50 (and cases cited therein). Plaintiffs initiated a race to the courthouse, and won by a mere 24 hours. Federal courts have declined jurisdiction when considerably more time has passed after the filing of the declaratory relief action. *See, e.g., Transamerica,* 811 F.2d at 1251 (suit filed approximately one month later). In fact, at least one court has dismissed a declaratory relief action when the state suit had not yet been filed. *See, Gribin,* 793 F.Supp. at 234.

The *Brillhart* presumption and its underlying rationales compel this Court to decline jurisdiction in this case.

Accordingly, IT IS HEREBY ORDERED that Defendant's motion to dismiss in light of the Ohio action is GRANTED.[13]

**13.** The Court anticipates that all the issues presented in this case will be fully resolved in the Ohio suit. Therefore, dismissal rather than stay is appropriate.