FISCHER & PORTER COMPANY,
,and Elsag Bailey Process
Automation N.V.

v.

MOORCO INTERNATIONAL INC.

Civ. A. No. 94–4432.

United States District Court,
E.D. Pennsylvania.

Nov. 25, 1994.

Marc J. Sonnefeld, Morgan, Lewis & Bockius, Arthur Gabinet, Steven B. Feirson, Dechert, Price & Rhoads, Philadelphia, PA, for plaintiffs.

Mark M. Wilcox, Drinker, Biddle & Reath, Philadelphia, PA, for defendant.

## MEMORANDUM

ANITA B. BRODY, District Judge.

*Background*

Defendant ("Moorco") filed motions to dismiss the declaratory judgment and the tortious interference counts and to stay or transfer the defamation count of plaintiffs' complaint. I must decide the following issues: 1) whether a plaintiff who has filed an action for declaratory judgment in a state with substantial contacts to the transaction and whose law is applicable under the terms of the contract falls within the "exceptional circumstances" exception to the first-filed rule; I find that such a plaintiff does not fall within the exception to the first-filed rule; 2) whether in exercising my discretion to hear a declaratory judgment action in Pennsylvania I should look primarily to federal or state law; I decide that under *Hanna v. Plumer* I should look primarily to federal law; 3) whether under the facts of this case the plaintiff has met the four pronged test set out by the Third Circuit to determine when an action for declaratory judgment is proper; I find that it has; 4) whether a claim for tortious interference under the Restatement (Second) of Torts § 766A can go forward in Pennsylvania; I decide not to resolve this issue until after discovery; and 5) whether a defamation claim based on, among other things, the bad faith filing of a Texas complaint should be transferred to Texas or stayed until the after the outcome of the Texas suit is decided; I decide that this claim should be determined with the other claims in the Pennsylvania suit.

The following material facts are not in dispute. Plaintiff Fischer & Porter Company, ("Fischer & Porter") is a corporation with its assets and headquarters located in Warminster, Pennsylvania. Fischer & Porter was interested in arranging for its own sale and merger with another company. To this end it held an auction at which other companies submitted bids. After the bids were submitted the Fischer & Porter Board decided to accept the bid submitted by Moorco. Fischer & Porter and Moorco then negotiated and entered into a merger agreement ("the Moorco merger agreement") in Pennsylvania. A second, higher bid was later submitted by plaintiff Elsag Bailey under conditions now in dispute. Thereafter the Fischer & Porter Board decided to terminate its agreement with Moorco and to merge with Elsag Bailey. Again the negotiations for the merger agreement ("the Elsag merger agreement") were held in Pennsylvania. Both merger agreements are, by their terms, governed by Pennsylvania law.

The Moorco merger agreement contained a clause which provided that should Fischer & Porter decide to terminate the agreement a termination fee would be paid to Moorco for a sum to be decided by reference to a formula. Fischer & Porter and Moorco differed as to the amount of the fee. On April 26, 1994, plaintiffs Fischer & Porter and Elsag Bailey filed an action for declaratory judgment in the Bucks County Court of Common Pleas to resolve the amount of the termination fee due to Moorco under the Moorco merger agreement, and to determine whether the payment of the fee absolved it from any further liability to Moorco. Three days later, on April 29, 1994, Moorco filed suit against Fischer & Porter in the Southern District of Texas. Moorco then filed a separate suit against Elsag Bailey in the Southern District of Texas on June 2, 1994. Subsequently on July 20, 1994, Moorco filed a notice of removal removing this action to Federal Court based upon diversity.

## I. *First Filed Rule*

Where, as here, two or more cases covering the same subject matter are filed in different jurisdictions the first filed rule

states that "... the court which has first possession of the subject must decide it." *Smith v. McIver*, 22 U.S. (9 Wheat) 532, 535, 6 L.Ed. 152 (1824). One of the purposes of the first-filed rule is to ensure that litigants receive a single determination of their controversy, rather than multiple decisions, which may conflict and require several appeals to different circuit courts of appeal. Furthermore, the first-filed rule helps to avoid the waste involved in duplicative suits, and the delay in providing prompt administration of justice. *Crosley v. Hazeltine*, 122 F.2d 925, 929–930 (3d Cir.1941) *cert. denied*, 315 U.S. 813, 62 S.Ct. 798, 86 L.Ed. 1211 (1942); *E.E.O.C. v. University of Pennsylvania*, 850 F.2d 969, 974 (3d Cir.1988). The Third Circuit later rearticulated this rationale when it held, in an action for declaratory judgment, that subsequent litigation in other district courts over the same subject matter should be enjoined. *Crosley v. Hazeltine*, 122 F.2d 925 (3d Cir.1941). The first-filed rule has routinely been applied when the first-filed suit is an action for declaratory judgment. *See Peregrine Corp. v. Peregrine Industries, Inc.*, 769 F.Supp. 169 (E.D.Pa. 1991); *Viacom International v. Melvin Simon Productions*, 774 F.Supp. 858 (S.D.N.Y. 1991). Defendant seems to question the status of the declaratory judgment as a valid tool for resolving contract disputes compared to an action for damages to resolve the same issues. I conclude that there is no reason to make such a differentiation, especially in the contract arena. Therefore there is no justification for giving some sort of preferential treatment to the action for damages in Texas so as to immunize it from first filed treatment.

Courts should deviate from the first-filed rule only in exceptional circumstances. *E.E.O.C. v. University of Pennsylvania*, 850 F.2d 969 (3d Cir.1988). The Third Circuit has held that

> Invocation of the first-filed rule is the norm not the exception. Courts must be presented with exceptional circumstances before exercising their discretion to depart from the first-filed rule. *E.E.O.C. v. University of Pennsylvania*, 850 F.2d at 979 (3d Cir.1988).

Although holding that the "exceptional circumstances" standard had not been met, the Third Circuit mentioned bad faith filing as a possible ground for departing from the first-filed rule, *Crosley Co. v. Westinghouse Electric & Mfg. Co.*, 130 F.2d 474, 476 (3d Cir. 1942) (holding that declaratory judgment action was brought in good faith and applying the first-filed rule) and also when forum shopping is the *sole* reason for the choice of the situs in the first suit, *Mattel, Inc. v. Louis Marx & Co.*, 353 F.2d 421, at 424 n. 4 (2d Cir.1965) (upholding the first-filed rule, and staying second action at law until first-filed declaratory judgment action is resolved) (citing *Rayco Mfg. Co. v. Chicopee Mfg. Co.*, 148 F.Supp. 588, 592–594 (S.D.N.Y.1957)). The "exceptional circumstance" standard was deemed met when the first-filing party filed suit in another forum in anticipation of suit by the opposing party in an obvious attempt to circumvent applicable Third Circuit law. *E.E.O.C. v. University of Pennsylvania*, 850 F.2d 969 (3d Cir.1988).

■ I do not find that there are any exceptional circumstances present here that warrant departure from the first-filed rule. There is no evidence that plaintiffs' declaratory judgment action was brought in bad faith. Furthermore, forum shopping cannot be the sole reason for the choice of Pennsylvania as the situs for the litigation because it is the logical and proper place for it to go forward. Pennsylvania is the logical forum because Fischer & Porter is a Pennsylvania corporation with its headquarters in Pennsylvania, and negotiations for both merger agreements took place in Pennsylvania. Therefore it seems likely that much of the evidence and many witnesses are in Pennsylvania. Furthermore, all of the parties are subject to personal jurisdiction in Pennsylvania. Finally, under the terms of the agreement the merger between Fischer & Porter and Moorco is specifically ruled by Pennsylvania law. Therefore, because there are no exceptional circumstances present, and because Pennsylvania is the logical forum for this suit, I will not deviate from the first-filed rule.

## II. The Federal Declaratory Judgment Act

The Federal Declaratory Judgment Act, 28 U.S.C. § 2201, provides a remedy for parties where an actual dispute exists but the controversy has not yet matured to the point where an action for damages at law has been filed. That act provides:

> In a case of actual controversy within its jurisdiction ... any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. 28 U.S.C. § 2201.

The Act incorporates Article III's requirement that federal courts only entertain cases and controversies.[1] *Aetna Life Ins. v. Haworth*, 300 U.S. 227, 239–240, 57 S.Ct. 461, 463–464, 81 L.Ed. 617 (1937). In the case at hand there is an actual controversy regarding the amount of the termination fee to be paid by plaintiffs and regarding whether payment of that fee ends their obligations to defendant. The issue before me is whether I should exercise my discretion to hear the declaratory judgment claim.

■ While jurisdiction of a declaratory judgment claim is within the court's discretion under federal law this discretion is bounded by applicable legal principles and cannot be exercised arbitrarily. *See Crosley Co. v. Westinghouse Electric & Mfg. Co.*, 130 F.2d 474, 475 (3d Cir.1942). The United States Supreme Court has held that federal courts are bound by state substantive law, but not by state procedural law on purely procedural matters. *Erie Railroad Co. v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817, 82

L.Ed. 1188 (1938). Case law indicates that the Act is procedural in nature, and therefore federal law, not state law, governs whether claims may be heard under it. *Farmers Alliance Mutual Insurance Co. v. Jones*, 570 F.2d 1384 (10th Cir.1978), *cert. denied* 439 U.S. 826, 99 S.Ct. 97, 58 L.Ed.2d 119 (1978). In general, state law is inapposite to the question of whether a case can be heard in federal court under The Act. *Nat'l R.R. Passenger Corp. v. Consolidated R.R. Corp.*, 670 F.Supp. 424, 429 n. 7 (D.D.C.1987).

■ Under a more modern formulation of the *Erie* standard the factors that courts now seem to consider to determine whether state or federal law governs an issue include the following: 1) whether the decision is outcome determinative, 2) the need for uniformity of the law, and 3) whether forum shopping is involved. *Hanna v. Plumer*, 380 U.S. 460, 85 S.Ct. 1136, 14 L.Ed.2d 8 (1965). "The 'outcome-determination' test ... cannot be read without reference to the twin aims of the *Erie* rule: discouragement of forum-shopping and avoidance of inequitable administration of the laws." *Hanna v. Plumer*, 380 U.S. at 468, 85 S.Ct. at 1142.

Forum shopping between the state and federal court systems is not at issue here because although the federal forum was available to them, plaintiffs originally filed their declaratory judgment action in the state court system, and the case was removed to federal court upon Moorco's motion. Therefore, under *Hanna v. Plumer*, 380 U.S. at 468, 85 S.Ct. at 1142, I find that federal law governs my decision whether to exercise my discretion to hear plaintiffs declaratory judgment claims.[2]

---

1. U.S. CONST. art. III § 2.

2. Moorco, however, urges me to look to Pennsylvania state law under the Pennsylvania Declaratory Judgment Act to decide whether to exercise my discretion to hear the declaratory counts of Plaintiffs' complaint. In particular, Moorco urges me to follow the Pennsylvania cases which set forth the exceptions to a court's jurisdiction under the Pennsylvania Declaratory Judgment Act. However, even if I were to find that I am bound by Pennsylvania state law on this issue I would find that the facts at hand do not rise to level of conduct found in the relevant case law. *See Commonwealth Department of General Ser-*

*vices v. Frank Briscoe Company, Inc.*, 502 Pa. 449, 466 A.2d 1336 (1983) (plaintiff filed a declaratory judgment action in an attempt to circumvent the administrative procedures required for resolution of the conflict.); *Penox Technologies v. Foster Medical Corporation*, 376 Pa.Super. 450, 546 A.2d 114 (1988) (plaintiff's declaratory judgment action was really an attempt to pick its forum and determine in advance whether it had a defense to the anticipated action); *American Nuclear Insurers v. Metropolitan Edison Company*, 399 Pa.Super. 375, 582 A.2d 390 (1990) (insurers filed declaratory action days before insureds' opportunity to file action at law was to expire).

Looking to federal law, the Third Circuit has adopted a four pronged test for a court to follow in deciding whether to exercise its discretion to hear a declaratory judgment action under The Act:

1) The likelihood that a federal court declaration will resolve the uncertainty of obligation which gave rise to the controversy;

2) The convenience of the parties;

3) The public interest in settlement of the uncertainty of the obligation; and

4) The availability and relative convenience of other remedies.

*Bituminous Coal Operators' Association v. International U.,* 585 F.2d 586, 596 (3d Cir. 1978); *United States v. Department of Environmental Resources,* 923 F.2d 1071, 1075 (3d Cir.1991). As applied, all of these factors are met if the case goes forward in Pennsylvania: the obligation will be determined; convenience weighs in favor of Pennsylvania as the forum for the claim for the reasons set out above in section I of this memorandum; public interest requires the speediest and most efficient resolution of this matter; and although other remedies may be available in the form of the Texas litigation, Texas would to be less convenient for all of the reasons previously stated. Therefore, I find that under the standards set out by the Third Circuit I should exercise my discretion to hear the declaratory judgment claims under The Act.

### III. *Dismissal of the Tortious Interference Claim*

Plaintiff also filed a tortious interference claim under the Restatement (Second) of Torts § 766A against Moorco for allegedly making the contract between Fischer & Porter and Elsag Bailey more burdensome and expensive. Moorco moves to dismiss plaintiff's tortious interference claim on the grounds that Pennsylvania has not adopted § 766A of the Restatement (Second) of Torts. Section 766A creates a claim for tortious interference where the conduct complained of is aimed at the plaintiff and not at a third party. This section also permits a claim for tortious interference based on conduct which does not actually prevent the contract from taking place, but merely makes the performance more expensive or burdensome. Section 766 by contrast, requires that the contract actually be prevented.

Neither the Supreme Court of Pennsylvania nor The Third Circuit has explicitly ruled on whether or not Pennsylvania has adopted § 766A of the Restatement (Second) Torts. In dicta, however, the Third Circuit has counselled caution against ruling that the Pennsylvania state courts would adopt this section, *See Windsor Sec. Inc. v. Hartford Life Ins. Co.,* 986 F.2d 655, 662 (3d Cir.1993). Because neither plaintiffs nor defendant has cited, and I have been unable to find, case law which clearly states whether or not Pennsylvania has adopted or rejected § 766A I will deny the dismissal of the tortious interference claim without prejudice to the parties to raise the same legal issue at the summary judgment stage of litigation when a more developed factual record is before me.

### IV. *Stay or Transfer of the Defamation Claim*

Plaintiff Elsag Bailey also filed a claim of defamation against Moorco based on the filing of the Texas suit and based on certain statements made by Moorco to the media at the time of the termination of the Moorco merger agreement. Moorco moved to stay this claim pending the outcome of its action against Fischer & Porter and Elsag Bailey in Texas. Because the Texas and Pennsylvania suits are essentially identical I see no reason why this claim should be decided in Texas as opposed to Pennsylvania. I also see no reason to delay the decision of this claim until after the other claims have been decided. Therefore, I will deny the motion to stay or transfer the defamation claim, and it will be heard with the rest of the Pennsylvania action. This denial is without prejudice to the parties to raise the same legal issue at the summary judgment stage of litigation.