The HÄAGEN–DAZS SHOPPE COMPANY, INC.,
Plaintiff,

v.

Janie E. BORN and Randall A. Born, Defendants.

No. 94 Civ. 6759 (DAB).

United States District Court, S.D. New York.

Aug. 30, 1995.

---

Schnader, Harrison, Segal & Lewis, New York City (W. Michael Garner, of counsel), for plaintiff.

Kreindler & Relkin, P.C., New York City (Donald B. Relkin, S. Robert Schrager, of counsel), for defendants.

BATTS, District Judge.

Defendants move, pursuant to 28 U.S.C. § 1404(a), to transfer venue to the Southern District of California. In the alternative, Defendants move to dismiss "in the interests of justice," arguing that a tort action currently pending in the Superior Court of California between Plaintiff and Defendants renders this contract action duplicative. For the following reasons, the motion to transfer is denied, and the motion to stay is granted.

## I. Background

In 1982, Jamie E. and Randall A. Born (the "Borns") became franchisees of Häagen–Dazs and began operating a store in Orange County, California. In 1992, representatives of Häagen–Dazs contacted the Borns regarding an opportunity to invest in a San Diego Häagen–Dazs franchise, and in the course of discussing and negotiating the franchise agreement between 1992 and 1993, according to the Borns, made certain representations as to the potential for profit, the costs of operation, and the risks involved. In 1993, the Borns entered into a franchise agreement to operate a store in the San Diego area. Sometime after purchasing the franchise, the Borns ceased operating the San Diego shop.

On April 22, 1994, the Borns filed a complaint in Orange County Superior Court against Häagen–Dazs, Mike Reynolds, and fifty (50) John Does alleging, *inter alia*, that promises and representations made regarding the San Diego franchise were false. This action sounds not in contract, however, but in tort, with causes of actions stated for negligence, negligent misrepresentation, fraud, negligent infliction of emotional distress, and intentional infliction of emotional distress. The Borns allege personal injuries and financial losses to support recovery.

While the California action was filed in April 1994, it appears not to have been served on Defendant Häagen–Dazs until late June 1994. On July 28, 1994, Häagen–Dazs filed the present Complaint in the New York County Supreme Court, seeking declaratory judgment as to the rights and liabilities of the parties with respect to the Borns' abandonment of the San Diego franchise. Further, the Häagen–Dazs Complaint points to language in the offering circular, the franchise agreement, and the closing statement disclaiming any representations outside those documents and seeks a declaratory judgment that the Borns are contractually estopped by that language from asserting any claim against Häagen–Dazs on account of any statements, representations, or conduct not expressly contained in the franchise agreement or offering circular.

On the basis of diversity of citizenship, the Borns removed the New York action to this Court on September 16, 1994; they now move to dismiss or stay this action "pursuant to the duplicative suit rule and in the interests of justice" because of the prior pending California action, and for an order transferring this action to the United States District Court for the Southern District of California for the convenience of the parties and in the interest of justice.

## II. Discussion

### A. Motion to Transfer to Southern District of California

 Title 28, United States Code, Section 1404(a) provides:

> For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

The decision to transfer venue rests within the sound discretion of the Court. *Elite Parfums, Ltd. v. Rivera*, 872 F.Supp. 1269, 1272 (S.D.N.Y.1995). In consideration of a motion to transfer venue, however, a plaintiff's choice of forum should not be disturbed by the Court unless certain criteria weigh strongly in defendant's favor. *Schwartz v. R.H. Macy's, Inc.*, 791 F.Supp. 94, 95 (S.D.N.Y.1992). Such criteria include, among others: the convenience of the parties and witnesses, location of counsel, the interests of justice, and the court's familiarity with the law to be applied. *Id.; Elite Parfums*, 872 F.Supp. at 1271; *International Commodities Export Corp. v. North Pacific Lumber Co.*, 737 F.Supp. 242, 245 (S.D.N.Y. 1990). The defendant-movant bears the burden of establishing that a change of forum should occur. *Filmline (Cross–Country) Productions, Inc. v. United Artists Corp.*,

865 F.2d 513, 521 (2d Cir.1989); *Factors Etc., Inc. v. Pro Arts, Inc.,* 579 F.2d 215, 218 (2d Cir.1978), *cert. denied,* 440 U.S. 908, 99 S.Ct. 1215, 59 L.Ed.2d 455 (1979).

█ Defendants have not satisfied their burden. Although they allege that none of the parties reside in New York, Defendants have set forth no facts indicating that either the witnesses, parties, or counsel would be inconvenienced if the action were to be litigated here. Additionally, familiarity with governing law favors this Court because the franchise agreement provides that it will be "interpreted, governed and construed" pursuant to New York law.

█ Further, the franchise agreement contains a forum selection clause stating that "New York shall be a forum where any cause of action arising under this Franchise may be instituted." (Franchise Agreement ¶ 28, Def. Ex. F). In deciding whether to transfer venue, forum selection clauses are afforded considerable weight. *See The Bremen v. Zapata-Off Shore Co.,* 407 U.S. 1, 9–13, 92 S.Ct. 1907, 1912–14, 32 L.Ed.2d 513 (1972); *Carnival Cruise Lines, Inc. v. Shute,* 499 U.S. 585, 594, 111 S.Ct. 1522, 1527–28, 113 L.Ed.2d 622 (1991). The permissive nature of the forum selection clause need not affect the weight it is given. *See Cambridge Nutrition A.G. v. Fotheringham,* 840 F.Supp. 299, 301 (S.D.N.Y.1994) ("Neither *The Bremen* nor *Carnival Cruise* places any reliance on or even discusses the fact that the clauses at issue in those cases used particular or compulsory terms.").

This Court is not convinced that transferring the action to the Southern District of California would be in the interest of justice. Further, transfer would not serve the goal of judicial economy, as the state court action pending in California could not be consolidated with this federal action. For these reasons, Defendants' motion to transfer venue is denied.

**B. Motion to Stay or Dismiss as Duplicative**

1. **Standard Governing the Exercise of Jurisdiction in a Declaratory Judgment Action**

█ Defendants' argue that this action should be stayed or dismissed in light of the prior state court action pending in California. To support this argument, Defendants' rely on *Colorado River Conservation District v. United States,* 424 U.S. 800, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976). *Colorado River* and its progeny counsel that federal courts may abstain from hearing the merits of a case if a duplicative state court action exists *and* exceptional "reasons of wise judicial administration" favor abstention. *See* 424 U.S. at 817–18, 96 S.Ct. at 1246–47; *Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp.,* 460 U.S. 1, 14–16, 103 S.Ct. 927, 936–37, 74 L.Ed.2d 765 (1983). The doctrine is a narrow one, however, for as our Circuit has said, "[a]bstention jurisdiction begins with the principle that federal courts have a 'virtually unflagging obligation' to exercise jurisdiction over all cases properly before them." *Youell v. Exxon Corp.,* 48 F.3d 105, 108 (2d Cir. 1995) (quoting *Colorado River,* 424 U.S. at 817–18, 96 S.Ct. at 1246–47).

█ *Colorado River* is inapposite to this case, however, since last term the Supreme Court held in *Wilton v. Seven Falls Company,* —— U.S. ——, 115 S.Ct. 2137, 132 L.Ed.2d 214 (1995), that the discretionary standard set forth in *Brillhart v. Excess Ins. Co. of America,* 316 U.S. 491, 62 S.Ct. 1173, 86 L.Ed. 1620 (1942), not the *Colorado River* "exceptional circumstances" test, governs a district court's decision to stay a declaratory judgment action during the pendency of parallel state court proceedings.[1] —— U.S. at ——, 115 S.Ct. at 2142.

█ *Wilton* and *Brillhart* teach that "district courts possess discretion in determining whether and when to entertain an action under the Declaratory Judgment Act, even when the suit otherwise satisfies subject mat-

---

1. In light of *Wilton,* the holding in *Lumbermens Mut. Casualty Co. v. Connecticut Bank & Trust,* 806 F.2d 411 (2d Cir.1986), that pursuant to *Colorado River* and *Moses H. Cone* a district court may not stay or dismiss a declaratory judg- ment action absent "exceptional circumstances," is no longer good law. *See Wilton,* —— U.S. at ——, 115 S.Ct. at 2140 (citing *Lumbermens* to demonstrate the circuit split resolved therein contrary to the *Lumbermens* holding).

ter jurisdictional prerequisites." *Wilton,* 115 S.Ct. at 2140. In reaching its conclusion, the *Wilton* Court found support in the discretionary language of the Declaratory Judgment Act:

> Since its inception, the Declaratory Judgment Act has been understood to confer on federal courts unique and substantial discretion in deciding whether to declare the rights of litigants. On its face, the statute provides that a court *"may* declare the rights and other legal relations of any interested party seeking such declaration." The statute's textual commitment to discretion, and the breadth of leeway we have always understood it to suggest, distinguish the declaratory judgment context from other areas of the law in which concepts of discretion surface.

*Wilton,* 115 S.Ct. at 2142 (citations omitted) (emphasis in original). Because the Declaratory Judgment Act is procedural,[2] *Wilton* and *Brillhart* apply with full force in this removal action premised on diversity of citizenship.

2. Discretionary Standard Governing Suits Under the Declaratory Judgment Act

■ The Supreme Court in *Brillhart* discussed a district court's discretion with respect to actions for declaratory judgment thus:

> Ordinarily it would be uneconomical as well as vexatious for a federal court to

proceed in a declaratory judgment suit where another suit is pending in a state court presenting the same issues, not governed by federal law, between the same parties. Gratuitous interference with the orderly and comprehensive disposition of a state court litigation should be avoided.

> Where a district court is presented with a claim such as was made here, it should ascertain whether the questions in controversy between the parties to the federal suit, and which are not foreclosed under the applicable substantive law, can better be settled in the proceeding pending in the state court. This may entail inquiry into the scope of the pending state court proceeding and the nature of defenses open there. The federal court may have to consider whether the claims of all parties in interest can satisfactorily be adjudicated in that proceeding, whether necessary parties have been joined, whether such parties are amenable to process in that proceeding, etc.

> We do not now attempt a comprehensive enumeration of what in other cases may be revealed as relevant factors governing the exercise of a district court's discretion.

*Brillhart,* 316 U.S. at 493–97, 62 S.Ct. at 1175–76 (citations omitted). *Wilton* reiterates the propriety of this analysis. —— U.S. at —— – ——, 115 S.Ct. at 2140–43.

Accordingly, this Court must inquire into "whether the questions in controversy be-

---

**2.** The few courts found to have approached this issue have inquired into whether the standards governing the granting of declaratory relief in federal court are procedural or substantive for *Erie* purposes. *See DeFeo v. Procter & Gamble Company,* 831 F.Supp. 776, 779 (N.D.Cal.1993) (removal action); *Fischer & Porter Co. v. Moorco Int'l Inc.,* 869 F.Supp. 323, 326 (E.D.Pa.1994) (same); *Nationwide Mutual Ins. Co. v. Welker,* 792 F.Supp. 433, 439–40 (D.Md.1992) (action instituted in federal court); *National R.R. Passenger Corp. v. Consolidated Rail Corp.,* 670 F.Supp. 424, 429 n. 7 (D.D.C.1987) (same). Finding them procedural, each of these cases applied the Declaratory Judgment Act rather than referencing state declaratory judgment law. *DeFeo,* 831 F.Supp. at 779 ("The propriety of granting declaratory relief in federal court is a procedural matter. Therefore, the Declaratory Judgment Act is implicated even in diversity cases, whether an action is originally filed in federal court or is properly removed there by

defendant." (citations omitted)); *Fischer & Porter,* 869 F.Supp. at 326; *Welker,* 792 F.Supp. at 439–40; *National R.R. Passenger Corp.,* 670 F.Supp. at 429 n. 7. Moreover, two Supreme Court cases have found the Declaratory Judgment Act procedural, though these cases did not address the precise question before the Court today. *See Aetna Life Ins. Co. v. Haworth,* 300 U.S. 227, 240, 57 S.Ct. 461, 464, 81 L.Ed. 617 (1937) (procedural character emphasized in discussing the constitutional case or controversy requirements as applied in the declaratory judgment context); *Skelly Oil Co. v. Phillips Petroleum Co.,* 339 U.S. 667, 671, 70 S.Ct. 876, 879, 94 L.Ed. 1194 (1950) (Declaratory Judgment Act merely procedural, not an extension of federal court jurisdiction). Accordingly, the Declaratory Judgment Act is procedural under *Erie,* and therefore must be applied by this Court in determining whether this declaratory judgment action should be stayed or dismissed.

tween the parties to [this] suit ... can better be settled in the proceeding pending in the state court," *Brillhart,* 316 U.S. at 495, 62 S.Ct. at 1176, including "inquiry into the scope of the pending state court proceeding and the nature of defenses open there." *Id.*

The Borns, defendants before this Court, filed an action in California Superior Court on April 22, 1994, seeking recovery on five tort causes of action: negligence, negligent misrepresentation, fraud, negligent infliction of emotional distress, and intentional infliction of emotional distress. The factual allegations underlying these claims allege that Defendants made certain false representations regarding "the potential for profit, the costs involved in the operation and the risks involved," and that as a result the Borns suffered "financial losses and personal injuries including but not limited to emotional distress and loss of enjoyment of life...." Complt. in Orange Cty Superior Ct., Case No. 728427, ¶¶ 8–10.

The Complaint filed by Häagen–Dazs in the New York County Supreme Court includes two causes of action. The first seeks a declaration that

(a) [the Borns'] abandonment of the shop constituted a material breach of the Franchise Agreement; (b) the Franchise Agreement terminated upon [the Borns'] abandonment, without excuse of the shop [sic]; and (c) [Häagen–Dazs] is not liable to defendants in any respect for the termination of the Franchise Agreement or abandonment of the shop.

Complt. ¶ 10.

The second cause of action seeks a declaration that the agreement language contained in various documents signed by the Borns at the time of contracting with Häagen–Dazs binds the Borns and estops them "from asserting any claim or cause whatsoever against [Häagen–Dazs] on account of any statement, representation or conduct not expressly contained in the Franchise Agreement or [offering circular]." Complt. ¶ 13.

Thus, the Häagen–Dazs complaint seeks to have this Court declare the validity of the agreements, and then bar the Borns' claims sought in the California action. However, because the tort claims in the California action derive from the negotiation of the franchise agreement, the state court seems better situated to resolve these issues in their entirety. Further, by way of briefing, the Court has not been made aware of any impediment to Häagen–Dazs' raising the same issues on which it seeks this Court's intervention as defenses in the state court action. Accordingly, this action will be stayed pending conclusion of the California action.

### III. Conclusion

For the reasons stated above, the Defendants' motion to transfer venue to the Southern District of California, pursuant to 28 U.S.C. § 1404(a), is DENIED.

Defendants' motion to stay this action is GRANTED.

The Clerk of the Court is ORDERED to place this action on the suspense docket pending further notice from this Court.

SO ORDERED.