**FIREMAN'S FUND INSURANCE COMPANY and American Insurance Company, Plaintiffs,**

v.

**CHRIS–CRAFT INDUSTRIES, INC. and Chris–Craft Industrial Products, Inc., Defendants.**

**No. 96 Civ. 0018 (DAB).**

United States District Court,
S.D. New York.

July 30, 1996.

Rivkin, Radler & Kremer (Gary D. Centola, Robert B. Kambic, Uniondale, New York, Donald T. McMillan, Santa Rosa, California, of counsel), for Plaintiffs.

Latham & Watkins (John D. Shyer, New York City, David L. Mulliken, G. Andrew Lundberg, William C. Taylor, San Diego, California, of counsel), for Defendants.

### MEMORANDUM and ORDER

BATTS, District Judge.

Plaintiffs, Fireman's Fund Insurance Company and American Insurance Company, brought this declaratory judgment action to determine their obligations to defend and

---

indemnify Defendants, Chris–Craft Industries Inc., ("Chris–Craft"), and Chris–Craft Industrial Products, Inc., in two liability suits pending in California. Defendants move to have this action stayed or dismissed in light of a parallel California state court action. In the alternative, Defendants move to transfer the action to the Central District of California.

## I. BACKGROUND

Defendant, Chris–Craft, is a Delaware corporation with a corporate office in New York. (Compl. ¶ 6.) Defendant, Chris–Craft Industrial Products, Inc., is a division of Chris–Craft. (Defs.' Mem.Law at 3 n. 2.) As a result of several mergers, Chris–Craft became a 50% shareholder of Montrose Chemical Corporation of California ("Montrose–California"). (Id. at 2; Compl. ¶¶ 12–14.) From 1947 to 1982, Montrose–California manufactured pesticides, including the pesticide DDT, at a manufacturing plant in Torrance, California. (Defs.' Mem.Law at 2.)

The Plaintiff, Fireman's Fund Insurance Company, and its corporate affiliate, American Insurance Company (collectively "Fireman's Fund"), is one of four insurance companies that provided coverage for Chris–Craft and its predecessors, for different periods between 1967 and 1988. (Id.) Fireman's Fund is a California corporation with its principal place of business in California. (Compl. ¶ 4.) Fireman's Fund, which insured Chris–Craft from 1979 through 1988 (Defs.' Mem.Law at 2; Compl. ¶ 9), is seeking a declaratory judgment that it has no duty to defend and indemnify Chris–Craft and is entitled to reimbursement of costs already paid in two pending California environmental liability actions ("the underlying actions"). (Compl. ¶¶ 2, 18, 21, 24, 27, 33.)

### A. The California Action

All four insurance companies, including Fireman's Fund, are parties to an action,

filed three days after this action by Chris–Craft, in the Superior Court of California, Los Angeles County. (Shyer Aff.Ex. A.)[1] In *Chris–Craft v. Fireman's Fund Ins. Co.*, No. BC142024 (L.A.Super.Ct.) ("the California Action"), Chris–Craft is seeking damages for breach of contract, and declaratory and injunctive relief from all of the primary insurers that insured Chris–Craft during the time periods relevant to the underlying actions. (Defs.' Mem. Law at 8; Shyer Aff.Ex. A.) The California Action will determine the duty of Chris–Craft's insurers to defend and, if ultimately necessary, indemnify Chris–Craft in the underlying actions. (Defs.' Mem.Law at 9.) Fireman's Fund moved to dismiss the California Action on a number of grounds, including forum non conveniens. (Pls.' Mem.Law at 7.) On April 2, 1996, the Los Angeles Superior Court denied Fireman's Fund's motion, and the action is now pending before that court. (April 10, 1996 letter from Chris–Craft to the Court; Cal.Super.Ct.Min.Order.)

### B. The Underlying Actions

In this action, Fireman's Fund seeks a declaration that it has no duty to defend and indemnify Chris Craft in two environmental liability lawsuits, arising under the Comprehensive Environmental Response, Compensation and Liability Act, 42 U.S.C. §§ 9601 et seq. ("CERCLA"). (Compl. ¶ 5; Defs.' Mem. Law at 3.) The two pending actions are *United States v. Montrose Chemical Corp. of Cal.*, No. CV 90–3122–AAH (C.D.Cal.) ("the U.S. v. Montrose action"); and *Levin Metals Corp. v. Parr–Richmond Terminal Co.*, No. C–85–4776, 1985 WL 185444 (N.D.Cal.) ("the Parr–Richmond action"). (Defs.' Mem.Law at 3; Compl. ¶¶ 10–11.) Chris–Craft has requested that Fireman's Fund defend and indemnify it in connection with both actions.[2] (Compl. ¶¶ 10–11.)

---

1. Exhibit A is the complaint in the California state court action.

2. Descriptions of the underlying actions are as follows:
    1. *The U.S. v. Montrose Action*
    In *U.S. v. Montrose*, the United States and California seek to recover damages and clean-up

costs from Montrose–California, Chris–Craft, and other defendants for alleged injuries to natural resources in portions of the Pacific Ocean near Los Angeles. (Defs.' Mem.Law at 3–4.) The Government alleges contamination by, among other things, hazardous substances originating from Montrose–California's manufacturing plant. (Id. at 4.) Chris–Craft is alleged to be directly

## II. DISCUSSION

■ Chris–Craft has requested that this action be stayed or dismissed in light of the parallel California state court action, and the other related litigation in California. The United States Supreme Court recently reaffirmed that "district courts possess discretion in determining whether and when to entertain an action under the Declaratory Judgment Act, even when the suit otherwise satisfies subject matter jurisdiction prerequisites." *Wilton v. Seven Falls Co.,* —— U.S. ——, ——, 115 S.Ct. 2137, 2140, 132 L.Ed.2d 214 (1995). In *Wilton,* the Court held that exercise of the district court's discretion is governed by the standard set forth in *Brillhart v. Excess Ins. Co. of Am.,* 316 U.S. 491, 62 S.Ct. 1173, 86 L.Ed. 1620 (1942), rather than the "exceptional circumstances" test set forth in *Colorado River Water Conservation Dist. v. United States,* 424 U.S. 800, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976).

■ In deciding whether to abstain from hearing a declaratory judgment action, a court should "ascertain whether the question in controversy between the parties to the federal suit, and which are not foreclosed under the applicable substantive law, can better be settled in the proceeding pending in the state court." *Brillhart,* 316 U.S. at 493, 62 S.Ct. at 1174–75; *see also Wilton,* —— U.S. at ——, 115 S.Ct. at 2140. The factors to be considered include: (1) the scope of the pending state proceeding and nature of defenses available there; (2) whether the claims of all parties in interest can satisfactorily be adjudicated in that proceeding; (3) whether necessary parties have been joined;

and (4) whether such parties are amenable to process in that proceeding. *Brillhart,* 316 U.S. at 493, 62 S.Ct. at 1174–75. In sustaining the opinion below, the *Wilton* Court added two more factors: (5) avoiding duplicative proceedings and (6) forum shopping. *Wilton,* —— U.S. ——, 115 S.Ct. 2137, 132 L.Ed.2d 214; *Reliance Ins. Co. of Ill. v. Multi–Financial Securities Corp.,* No. 94 Civ. 6971, 1996 WL 61763 (S.D.N.Y. Feb. 13, 1996). *Wilton* does not preclude the consideration of other factors that a district court may find relevant in assessing the suitability of abstaining from a declaratory judgment action. —— U.S. at ——, 115 S.Ct. at 2140.

The California action will determine the obligations of Fireman's Fund and three other insurers to defend and indemnify Chris–Craft in the underlying actions. (Shyer Aff. Ex. A.) The action before this Court will decide the identical question raised in the California action. Both parties are amenable to process in California and the Court sees no reason why the claims of all parties in interest or of any parties not yet joined cannot be satisfactorily adjudicated in that proceeding. The Court has not been made aware of any impediment to Fireman's Fund raising the same issues on which it seeks this Court's intervention, as defenses in the state court action. *See Haagen–Dazs Shoppe Co. Inc. v. Born,* 897 F.Supp. 122 (S.D.N.Y.1995). Furthermore, there is no novel federal question raised by this action, that would warrant federal adjudication. *See Youell v. Exxon Corp.,* 74 F.3d 373 (2d Cir.1996) (finding the district court abused its discretion under *Wilton* by abstaining from a federal admiral-

---

liable as an "operator" of the Montrose plant by virtue of its involvement in Montrose–California's affairs. *Id.*

2. *The Parr–Richmond Action*

The *Parr–Richmond* action involves claims by the current owners of a former pesticide formulation facility ("the site"), for recovery of alleged clean up costs incurred and to be incurred. (*Id.* at 5.) Montrose–California and Chris–Craft (as a third-party defendant), are alleged to have arranged for DDT to be formulated and disposed of at the site. The plaintiffs claim that hazardous substances emanating from the site contaminated both soils, and portions of the San Francisco Bay. (*Id.*)

3. *The Montrose–California Coverage Litigation*

In addition to the underlying liability actions, Montrose–California has been in litigation over the past ten years, with its own insurers over the availability of coverage in the underlying actions. That litigation involved comprehensive general liability policies, which Chris–Craft alleges are virtually the same as the policies in this dispute. (Shyer Reply Aff.Ex. A.) In contrast, Fireman's Fund claims that the policy in this dispute was individually negotiated and delivered, and does not represent a "standard form" policy. (Pls.' Mem.Law at 4.) The litigation between Montrose–California and its insurers has resulted in decisions in the California Supreme Court determining that Montrose–California's carriers have a duty to defend it. (*Id.* at 7.)

ty insurance case). Finally, if this Court were to adjudicate this claim, there would be duplicative proceedings.[3]

In accordance with this Court's discretion, this action will be stayed, pending the conclusion of the California action. The Court will stay the action instead of dismissing, to insure that this action can proceed without a risk of time bar if the state case, for any reason, fails to resolve the matter in controversy. *See, e.g., Wilton,* —— U.S. at —— n. 2, 115 S.Ct. at 2143 n. 2.

## III. CONCLUSION

For the reasons stated above, Chris–Craft's motion to stay the action is GRANTED.[4]

The Clerk of the Court is ORDERED to place this action on the suspense docket pending further notice from this Court. The parties are hereby ordered to inform the Court when the California state court case comes to a close.

SO ORDERED

---

**3.** The fact that this action was filed three days before the California action is not determinative. In *Wilton,* the Court affirmed the dismissal of a federal action that was filed before the parallel state action. —— U.S. ——, 115 S.Ct. 2137, 132 L.Ed.2d 214.

**4.** In light of the Court's decision to stay the pending action, the Court need not consider Chris–Craft's alternative motion to transfer this action to the Central District of California.