**COMMERCIAL UNDERWRITERS INSURANCE COMPANY,**
Plaintiff,

v.

**GLOWMASTER CORPORATION,**
Defendant.

No. 99 CIV. 11500 (SHS).

United States District Court,
S.D. New York.

July 17, 2000.

Gary R. Greenman, Nicoletti, Gonson & Bielat, L.L.P., New York City, for Plaintiff.

## OPINION

STEIN, District Judge.

Plaintiff insurance company seeks a declaratory judgment that it has no duty to defend or indemnify defendant policyholder in an underlying personal injury action due to the policyholder's failure to notify plaintiff of the claim in a timely fashion. The policyholder has moved to dismiss the complaint and the insurance company has cross-moved for summary judgment. A parallel proceeding is pending in New Jersey state court. For the reasons set forth below, this Court declines to exercise jurisdiction over this declaratory action pursuant to 28 U.S.C. § 2201 and the complaint is dismissed.

## I. Background.

In September 1997, plaintiff Commercial Underwriters Insurance Company ("Commercial"), a California corporation with its principal place of business in that state, issued a commercial general liability insurance policy to Glowmaster Corporation, a New Jersey corporation with its principal place of business in New Jersey. Glowmaster sells portable stoves and butane fuels at wholesale. Commercial's New York office handled the underwriting and issuance of that policy.

On October 11, 1997, during the term of the policy, Elizabeth Dicenso was injured in Virginia when a propane heating unit allegedly manufactured by Glowmaster exploded, severely injuring her. Almost two years later—in August 1999—Dicenso filed a personal injury action against Glowmaster and others in Virginia state court, seeking $1.5 million in compensatory damages.

On November 22, 1999—approximately three months after the personal injury action was started—Commercial filed this action in the Southern District of New York, seeking a declaratory judgment that it has no duty to defend or indemnify Glowmaster with respect to the underlying Dicenso action. Commercial contends that Glowmaster failed to provide adequate and timely notice of Dicenso's injury and claim as required by its policy.

One month later, on December 21, 1999, Glowmaster filed a complaint in the Superior Court of New Jersey, Bergen County, ("New Jersey action") against Commercial seeking a declaratory judgment and damages for breach of the duty of good faith and fair dealing and breach of fiduciary duty.

Glowmaster has moved to dismiss this action on four grounds: that (i) this Court should abstain from exercising its jurisdiction pursuant to 28 U.S.C. § 2201; (ii) this Court should dismiss the complaint for lack of personal jurisdiction pursuant to Fed.R.Civ.P. 12(b)(2); (iii) venue is improper pursuant to Fed.R.Civ.P. 12(b)(3); and (iv) this Court is an inconvenient forum pursuant to 28 U.S.C. § 1404(a). Commercial has cross moved for summary judgment.

For the reasons set forth below, this Court declines to exercise its jurisdiction

over this action pursuant to 28 U.S.C. § 2201.

## II. Discussion.

A district court derives its power to decide a declaratory action from the Declaratory Judgment Act. *See* 28 U.S.C. § 2201(a). The U.S. Supreme Court has "repeatedly characterized the Declaratory Judgment Act as 'an enabling Act, which confers a discretion on the courts rather than an absolute right upon the litigant.'" *Wilton v. Seven Falls Co.,* 515 U.S. 277, 287, 115 S.Ct. 2137, 132 L.Ed.2d 214 (1995) (quoting *Public Service Com'n of Utah v. Wycoff Co., Inc.,* 344 U.S. 237, 241, 73 S.Ct. 236, 97 L.Ed. 291 (1952)). The U.S. Supreme Court has cabined the issue of when district courts should accept jurisdiction where a parallel state proceeding is pending:

> Ordinarily it would be uneconomical as well as vexatious for a federal court to proceed in a declaratory judgment suit where another suit is pending in a state court presenting the same issues, not governed by federal law, between the same parties. Gratuitous interference with the orderly and comprehensive disposition of a state court litigation should be avoided.

*Brillhart v. Excess Ins. Co. of America,* 316 U.S. 491, 495, 62 S.Ct. 1173, 86 L.Ed. 1620 (1942); *see also Wilton,* 515 U.S. at 282–83, 115 S.Ct. 2137.

■ "Federal and state proceedings are 'concurrent' or 'parallel' for purposes of abstention when the two proceedings are essentially the same; that is, there is an identity of parties, and the issues and relief sought are the same." *National Union Fire Ins. Co. v. Karp,* 108 F.3d 17, 22 (2d Cir.1997). In considering its discretion, the district court "should examine the scope of the pending state court proceeding and the nature of defenses open there." *National Union Fire Ins.,* 108 F.3d at 22. A non-exclusive list of factors includes: (1) whether the claim of all parties in interest can be adjudicated in the parallel state proceeding; (2) whether necessary parties have been joined; (3) whether those parties are amendable to process in that proceeding; (4) whether the case involves any federal questions of law; (5) avoiding duplicative proceedings; and (6) forum shopping. *See Wilton,* 515 U.S. at 282–83, 115 S.Ct. 2137; *National Fire Ins. Co.,* 108 F.3d at 22; *Reliance Ins. Co. of Illinois v. Multi–Financial Securities Corp.,* 94 Civ. 6971, 1996 WL 61763, at *2 (S.D.N.Y. Feb.13, 1996); *Fireman's Fund Ins. Co. v. Chris–Craft Indus., Inc.,* 932 F.Supp. 618, 620 (S.D.N.Y. 1996); James Wm. Moore et al., Moore's Federal Practice ¶ 57.82[4] (3d ed.2000).

■ The case at hand warrants abstention. The New Jersey action is a parallel proceeding involving the same issues and the same parties. The claims in both actions involve no questions of federal law, and insurance regulation is a matter of particular concern to state governments. *See Reliance Ins. Co.,* 1996 WL 61763, at *3. The fact that this action was filed first does not alter that conclusion. "[A] declaratory judgment is not a prize to the winner of a race to the courthouse." *Wilkinson v. Caronia Corp.,* 95 Civ. 5668, 1995 WL 653374, at *1 (S.D.N.Y. Nov.7, 1995) (quoting *Perez v. Ledesma,* 401 U.S. 82, 119 n. 12, 91 S.Ct. 674, 27 L.Ed.2d 701 (1971)).

Plaintiff seeks to litigate this case in a federal court in New York because it seeks a friendlier forum for its lack-of-notice defense: in New York, unlike in California or New Jersey, an insurance company need not show prejudice when raising a lack-of-notice defense. Commercial contends—and Glowmaster disputes—that pursuant to the New York choice of law rules applicable in this district, New York law applies to the dispute rather than the law of either New Jersey or California (the domiciles of the parties). Commercial has not indicated whether a New Jersey court, applying its own choice of law rules, would refuse to apply New York law, so it is unclear whether this forum is in fact friendlier to plaintiff.

This Court need not sort out the choice of law issues because, regardless of which

law applies, Commercial can raise its notice defense in the New Jersey action and the issue is resolvable by the New Jersey court.

Similarly unavailing is plaintiff's argument that judicial efficiency merits resolving the action since it is ripe for summary judgment. Even if Commercial is correct that no material factual matters are in dispute and no discovery is needed (a contention Glowmaster denies), this matter can then be quickly resolved by the court better suited to adjudicate it: the New Jersey state court.

Having decided to abstain from exercising jurisdiction, the Court will not address Glowmaster's personal jurisdiction, improper venue or *forum non conveniens* contentions.

## III. Conclusion.

The courts of the State of New Jersey are better able to adjudicate this state law matter. Accordingly, this Court declines to exercise its jurisdiction over this declaratory judgment action pursuant to 42 U.S.C. § 2201. Defendant's motion to dismiss the complaint should be granted and plaintiff's motion for summary judgment should be dismissed as moot.